## FRALICK *vs.* PRESLEY AND WIFE.

[DETINUE FOR SLAVE—EXAMINATION OF WITNESS—EVIDENCE—DAMAGES.]

1. *Cross-examination of witness.*— The party against whom a witness has been introduced and examined in chief, has the right to cross-examine him fully as to his knowledge touching any and all facts material to the case ; and although the court, in the exercise of its discretionary control over the conduct of the trial, may sometimes postpone the cross-examination of a witness for the plaintiff, it cannot be postponed until after the plaintiff has made out a *prima-facie* case and closed.

2. *Declarations in disparagement of title.*—The declarations of a party who has possession of a slave, in disparagement of his own title, are admissible evidence against a subsequent purchaser or claimant under him.

30

3. *Parol admissions of contents of deed.*—The contents of a lost deed, when a suffi-
cient predicate has been laid for the introduction of secondary evidence,
may be proved by a party's parol admissions, which are competent evidence
of any fact that may be proved by parol.

4. *Proof of loss of deed.*—Where the deed of gift under which plaintiff claimed
the slave in controversy was more than twenty years old, and was proved to
have gone into the possession of defendant's testator, who declared his in-
tention to keep the slave for her until her marriage, but died before that
time ; and the defendant, who was one of his executors, failed to produce
the deed on motion,—*held*, that a sufficient predicate was laid for the in-
troduction of secondary evidence of its contents.

5. *Measure of damages.*—In detinue for a slave, the measure of damages is the
annual hire ; but interest cannot be allowed on the hire.

6. *Registration of deed of gift.*—A deed of gift, executed in another State, and
conveying a slave to a father for life, with remainder to his daughter, is
not required by our statutes to be recorded in this State.

APPEAL from the Circuit Court of Autauga.
Tried before the Hon. ANDREW B. MOORE.

THIS action was brought by Mary Averhart against John
D. Fralick, to recover a slave named Mack, together with
damages for his detention ; and the plaintiff having inter-
married with John Presley pending the suit, her husband was
made a party plaintiff with her. The defendant pleaded, 1st,
the general issue ; 2d, the statute of limitations of six years ;
3d, that plaintiff had no title to the slave ; and 4th, that the
slave belonged to Thomas and Evans Averhart.

On the trial, as appears from the bill of exceptions, " the
plaintiffs, before they introduced any written testimony,
offered one Hutchinson as a witness to prove the defendant's
handwriting to a paper which was submitted to him. Said
Hutchinson was the first witness introduced by plaintiffs ; the
only question asked him by plaintiffs' counsel was about de-
fendant's handwriting ; and the only fact proved by him was
about said writing. The defendant proposed to prove by this
witness, when he was cross-examined as to the handwriting,
that the title to the slave sued for was in the defendant. The
plaintiffs objected to the defendant going into a general cross-
examination at that time, and the court sustained the objec-
tion." The defendant excepted to this ruling of the court,
but did not afterwards offer to examine the witness.

The deed of gift under which Mrs. Presley claimed title to

the slave was not produced, and the only proof of its execution or contents consisted of admissions made by Adam Fralick while he had possession of the slave; and notice was served on the defendant, who was one of the executors of said Adam Fralick, to produce the deed. Thomas H. Stack, whose deposition was taken and read by the plaintiffs, testified (among other things) as follows: "Adam Fralick told me, that John Averhart had made a deed of gift of the slave Mack to Mary Averhart, now the wife of John Presley, and that he had the instrument of writing in his possession." The plaintiff further offered in evidence the deposition of Martha M. Spear, a portion of which was in these words:—"I have heard Adam Fralick say, that the slave Mack was the right and property of Mary Averhart, now Mary Presley, by a deed of gift from her uncle, John Averhart, which he (Adam Fralick) held in his hand at that time." The defendant moved the court to suppress these portions of the depositions, but the court overruled the motions; and the defendant excepted. After the evidence on both sides was closed, the defendant renewed his motion to exclude this evidence from the jury, but the court again overruled it, and he excepted to its decision.

It further appears from the evidence, that Thomas Averhart, the father of Mrs. Presley, removed to this State in 1838, bringing the said slave with him, and settled in Autauga county, where the slave remained until the institution of this suit; but there was no evidence that the deed under which the plaintiff derived title was ever recorded in this State. In 1838 the slave went into the possession of Adam Fralick, by purchase from Thomas Averhart; but the testimony tended to show that this sale was "a sham." There was testimony, also, tending to show that Adam Fralick afterwards conveyed the slave, by deed of gift, to Thomas and Evans Averhart, who were the children of said Thomas Averhart; but at what time this gift was made did not appear. It was further shown, "that Adam Fralick, after 1838, repeatedly admitted that he held the slave for said Thomas Averhart during his life, and at his death for his daughter Mary; and that he accounted to Thomas Averhart for the hire after 1838."

The court charged the jury as follows: "That if they believed from the evidence that a deed was made in South

Carolina, conveying the slave sued for to Thomas Averhart during his life, and at his death to Mary Averhart, the plaintiff; and that said slave was afterwards brought to this State by Thomas Averhart, before any sale to Adam Fralick,—that such a deed was not required to be recorded in this State, in order to be valid against the creditors or purchasers of or from Thomas Averhart. Also, that if they found the title to the slave to be in the plaintiff, they should assess the value of the slave, with the damages for his detention; and that the measure of the damages was the annual value of the hire of the slave from the time he went into the defendant's possession, with interest on such annual hire from the end of each year." To each of these charges the defendant excepted.

The errors assigned are, the rulings of the court on the evidence, and the charges given to the jury.

H. C. SEMPLE, for the appellant.—1. The defendant had the right to cross-examine the witness upon all subjects connected with the pending controversy. The commencement of the examination of the witness accredits him in such a manner that the party offering him cannot object to any question calculated to elicit an answer pertinent to the issue.— 1 Green. Ev. § 445.

2. The admissions of the defendant's testator, as to the contents of the deed of gift, ought not to have been admitted. Ware v. Robinson, 18 Ala. 105 ; Morgan v. Patrick & Smith, 7 Ala. 185.

ELMORE & YANCEY, with whom were WATTS, JUDGE & JACKSON, contra.—1. The court did not refuse to let the defendant cross-examine the witness Hutchinson altogether, but only decided that he could not, at that time, when no evidence whatever had been offered to the jury, cross-examine the witness on the merits of the defense. To have allowed a general cross-examination at that time, would, in effect, have given the defendant the opening of the cause to the jury. The court only exercised its discretion as to the time when the defense should be made.—Starkie on Evidence, 175 ; Elmaker v. Bulkley, 13 Serg. & Rawle, 72 ; Railroad Co. v. Stimpson, 14 Peters, 461 ; 1 Green. Ev. §§ 433, 445, 447.

2. All the assignments of error in reference to the admission of evidence, present the single question, whether parol evidence of the contents of a lost deed is admissible. The existence and loss of the deed, which was traced to the possession of the defendant's testator, were sufficiently proved. 1 Green. Ev. § 558. The deed was more than thirty years old, and was not required to be recorded.—Swift v. Fitzhugh, 9 Porter, 39 ; Catterlin v. Hardy, 10 Ala.. 511 ; Adams v. Broughton, 13 Ala. 731; Hale v. Stone, 14 Ala. 803; Smith v. Ruddle, 15 Ala. The primary sources of evidence being exhausted, secondary evidence was admissible; and the better opinion seems to be, at least with reference to private writings of this character, that the law recognizes no degrees of secondary evidence.—Bright & Ledyard v. Young, 15 Ala. 114 ; Mims v. Sturdevant, 18 Ala. -362 ; 7 Wendell, 127 ; Jennings v. Blocker, 25 Ala. 415; Brewer v. Brewer & Logan, 19 Ala. 481.

2. As to damages in detinue, see Lawson's Adm'r v. Lay's Executor, 24 Ala. 184, and cases there cited.

WALKER, J.—This court decided, in the case of Kelly v. Brooks, 25 Ala. 523, that the party against whom a witness has been introduced and examined in chief, has a right to examine him "fully as to his knowledge touching any and all facts material to the case." We think, the rule thus laid lown is sustained by principle and a preponderance of authority. Winston v. Moseley, 2 Stew. 137 ; Webster v. Lee, 5 Mass. 334 ; Merrill v. Berkshire, 11 Pick. 269; Jackson v. Varick, 7 Cowen, 238 ; Varick v. Jackson, 2 Wendell, 166 ; Fulton Bank v. Stafford, 2 Wendell, 438; Philadelphia and Trenton R. R. Co. v. Stimpson, 14 Peters, 448 ; Floyd v. Burard, 6 Watts & S. 75.

In the accustomed order of proceeding, the cross-examination should immediately follow the direct examination. The court may, however, postpone the cross-examination ; but such postponement should never be extended to the injury of the party having a right to cross-examine. In the exercise of its discretionary control over the progress of the trial, the court cannot postpone the cross-examination of the plaintiff 's witness, against the wishes of the defendant, until after the

plaintiff has made out a *prima-facie* case and closed, without trenching upon the right of cross-examination. The cross-examination may make it indispensable for the plaintiff to enlarge the area of his testimony; and in doing so, he may be compelled to introduce as his witnesses those whom the defendant would otherwise be compelled to introduce.

The defendant claimed the negro sued for as the guardian of two wards, who derived title from one Fralick. During the possession of the slave by Fralick, and before the title was derived from him under which the defendant claimed, he made declarations favorable to the plaintiff's title, and conducing to show that the slave had been conveyed by deed of gift to the female plaintiff, which deed of gift was in his possession. Fralick's declarations, thus proved, were admissible against the defendant, upon the ground that they were made in disparagement of his title, by one through whom the defendant claimed, and before the title set up by the defendant passed from the declarant.—Jennings v. Blocker, 25 Ala. 415 ; Cowen & Hill's Notes to Phillipps on Evidence, part I, p. 274.

So far as the declarations above mentioned were mere statements of the contents of the deed, they were certainly inadmissible, unless the proper predicate for the introduction of secondary evidence was laid. Parol admissions are competent evidence only of those facts which it is permissible to prove by parol.—Hare v. Robinson, 18 Ala. 105. But in this case the predicate was sufficiently laid. The existence of the deed was established by the admission of him under whom the defendant claimed. In the same manner, it was proved, that he under whom the defendant claimed had possession of the deed in his lifetime, and admitted its execution. It was farther proved, that he declared his intention to keep the negro for the female plaintiff, until her marriage, and that he died before her marriage. The defendant in this suit is one of his own executors, and had been notified to produce the deed. It is most probable from the facts that the deed was in the possession of defendant's testator, who intended to retain the slave, the title to which was evidenced by the deed, for the plaintiff until she married, and that the plaintiff did not marry until after his death,

that the deed was among the papers of the deceased, and passed into the hands of his executors. The degree of probability that the deed went into the possession of the executors, is not very high; but it is not requisite to attain a very high degree of certainty, when the deed is so ancient as the one in question. The possession of one of the executors, is the possession of both; and therefore either one of them has it under his control. It was, then, in the power of the defendant to produce the deed; and upon his failure to do so on due notice, it was competent to prove by parol its contents. The authorities cited below fully sustain our positions.—Whitford v. Lutin and others, 25 E. C. L. 179, (10 Bing. 395); Beckwith v. Benner, 25 E. C. L. 595, (6 Car. & Payne, 681); 1 Greenleaf's Ev. § 598; 5 Rich. 372.

This court has, upon sound principles, settled the law to be that the annual hire is the measure of damages in an action of detinue for slaves.—Miller v. Jones' Adm'r, 26 Ala. 247; Carrol v. Pathkiller, 3 Porter, 279. Whenever money is due, the rule adopted in this State allows interest to compensate for the withholding of the money. Interest is the incident to the debt.— Cheek v. Waldrum and Wife, 26 Ala. 152. The annual hire is allowed as compensation for the detention of a slave from his owner. It is the incident to the right to the property. Hire of slaves in detinue is analogous to interest on the value of property in trover; and it would be quite as reasonable in trover to allow interest on interest each year, as to allow interest on the annual hire in an action of detinue. To make interest incident to the hire, would be to add one incident to another. In our opinion, the court erred in its direction to the jury as to the allowance of interest on the annual hire of the slave sued for. The damages in this case are for the detention of the slave during the entire period up to the trial, and not for the detention during separate and distinct intervals of each year embraced in that period; and the incidental right to the damages cannot be divided into as many distinct and independent claims, as there are years in the period of detention, for the purpose of carrying interest.

We know of no statute requiring the deed of gift, under which the appellees claimed, although it might create an

estate for life with remainder over, to be recorded, notwithstanding it was made in another State. The court, therefore, did not err in the charge asserting the proposition, that the appellees' right of recovery was not at all affected by the omission to have the deed recorded in this State.— Swift v. Fitzhugh, 9 Porter, 39; Catterlin v. Hardy, 10 Ala. 511.

The judgment of the court below is reversed, and the cause remanded.

RICE, C. J., having been of counsel before his election, did not sit in this case.