# FREER et al. *vs.* COWLES et al.

[ACTION OF DETINUE.]

1. *Joint action; what agreement will not support, in detinue.*—C. and P. being separate and independent creditors of F., in pursuance of a verbal agreement to make common cause in obtaining, by suit or otherwise, what they could out of their debtor F., and to divide the recovery between them in proportion to their respective debts, sued F. jointly, in detinue, to recover specific property mortgaged to P.,—*Held*, that such an agreement would not support a joint action.

2. *Trover and detinue, in action of; value of property, at what time assessed.* In detinue, as in trover, the jury may assess the value of the property at any time between the demand and the trial.

3. *Damages for detention; what may be considered, in determining.*—The deterioration of the property from use, in addition to the annual rent or hire, may be considered by the jury in estimating the damages for the detention.

APPEAL from the Circuit Court of Montgomery.
Tried before Hon. GEO. GOLDTHWAITE.

The facts are sufficiently stated in the opinion.

ELMORE & GUNTER, for appellant.
WATTS & TROY, *contra.*

B. F. SAFFOLD, J.—This was an action of detinue, by George Cowles and John Powell, against W. H. Freer, for the recovery of certain personal property, mainly household furniture, mortgaged by the defendant to Powell. One of the errors assigned is, that Cowles had no interest in the suit, other than was derived from a verbal agreement between him and Powell, made before the commencement of the suit, in terms as follows: As there were several creditors, and each had a separate mortgage on different property of the defendant, they would work together and secure, by suit or otherwise, all or as much of their debts as practicable, and divide and share ratably, according to the amount of their respective debts, whatever money might

be made or received on either of them. And the court refused to charge the jury that, under such an agreement, Cowles had not an interest which would entitle him to a recovery, and consequently Powell could not recover.

Cowles and Powell were several creditors of Freer, and had separate mortgages on separate articles of property. They could not join in one suit their several causes of action, because the damage as well as the interest was several.—1 Chit. Plead. 64. To maintain detinue, the plaintiff must have a general or special legal property in the goods at the time the action was commenced.—1 Chit. Plead. 122. What interest had Cowles in this property sued for at the commencement of the suit? If any, nothing but the right to receive, by virtue of the agreement, a ratable proportion of what should be recovered from Freer on Powell's claim, on paying a like proportion of the expenses of the litigation. The agreement was one to sue Freer at their joint expense on Powell's demand, and divide the recovery. Such an interest will not support a joint action by them.

There was no error in admitting evidence of the value of the property at the commencement of the suit. In detinue, as in trover, the jury may assess the value of the property at any time between the demand and the trial.—*Johnson v. Marshall*, 34 Ala. 522.

The deterioration by use, was an element of damage, in addition to the annual rent or hire of the property.

The judgment is reversed, and the cause is remanded.