## WILKERSON, Adm'r, *vs.* McDOUGAL.

| 48 | 517 |
| 101 | 110 |

[DETINUE FOR SLAVES.]

1. *Detinue for slaves; when emancipation no defense to.*—To an action of detinue for the recovery of slaves, commenced in 1852, it is no defense that the slaves were emancipated before the trial.

2. *Same; what will defeat action.*—In such action, the plaintiff's right of recovery is defeated by the passage of his title to another before the trial, unless the defendant is a mere trespasser; but not by its extinction on account of the destruction of the property, whether by death, emancipation or otherwise.

APPEAL from the Circuit Court of Russell.
Tried before Hon. LITTLEBERRY STRANGE.

This suit was commenced in March, 1852, and was an action of detinue for the recovery of slaves, by the appellant against the appellee. It lingered by successive continuances until the fall term of the court in 1869, when the defendant demurred to the complaint on the ground that slavery having been abolished in the State, the plaintiff can not recover. This demurrer was sustained, and judgment was rendered in favor of the defendant. The sole question for consideration is the sufficiency of the demurrer.

HOOPER, for appellant.
STONE & CLOPTON, *contra.*

B. F. SAFFOLD, J.—The matter of demurrer ought to have been pleaded *puis darrein continuance.* But we will consider its sufficiency as a defense.

It is conceded that the destruction of the property would not affect the question of recovery. The point is made, that the plaintiff's title to the slaves failed before the trial,

and therefore he is not entitled to a judgment for the specific property, or its value. The defendant may defeat the action in these particulars, by showing a superior title in a third person, with which he connects his own, whether it existed prior to the commencement of the suit, or was obtained afterwards.—*Cole v. Conoly*, 16 Ala. 271; *Dozier v. Joyce*, 8 Por. 303.

Why is it that the plaintiff's right of recovery is unimpaired by the death or destruction of the property, but effaced by a superior outstanding title? Perhaps there is no good reason for the difference. One which may be assigned is, that the governing principle is not the divestiture of his right, but the passage of it to another, who thereby acquires a cause of action. The defendant is not to be placed in any better or worse condition. The cause of action continues, but is transferred. The discovered owner and the defendant may adjust their controversy as they choose. The plaintiff would be accountable to the former, if allowed to recover, and a multiplicity of suits would be avoided. When the property is destroyed, the defendant's accountability, none the less in either case, is only to the plaintiff. The owner might not have lost his property, if injury had not been done to his possession of it, and the wrong-doer must not be allowed to take any advantage from his wrong. The defense is not sufficient.—*Rose v. Pearson*, 41 Ala. 687; *McElvain v. Mudd*, 44 Ala. 48.

The judgment is reversed, and the cause remanded.

PETERS, J.—I assent to the judgment of reversal, but not to the reasons on which it is founded.