# Heard v. Hicks, et. al.

*Action on Replevy Bond.*

101　102
Case 2
136　145

1. *Replevy bond; statutory requirements.*—A replevy bond given by the defendants in a detinue suit, which contains no condition or obligation to pay costs or damages, does not conform to the requirements of the statute, and is not a statutory bond; but is binding as a common law obligation.

2. *Attorney's fees are not recoverable in a suit on a replevy bond.*—In an action on a replevy bond, given by defendants in detinue, which

[Heard v. Hicks, et al.]

contains no stipulation for the payment of damages, attorney's fees are not recoverable; sureties are bound only to the extent expressed in their obligation or imposed by law.

3. *Ruling on pleading; when shown only by bill of exception.*—When rulings on pleadings are shown only by bill of exceptions, they are not revisable on appeal.

4. *Action on replevy bond; tender by defendant of assessed value of property.*—When pending an action of detinue, and after the execution by the defendants therein of a replevy bond, a part of the property was destroyed by fire, a tender by the defendants, within 30 days after the rendition of the judgment, of the value of the property so destroyed, as assessed in the detinue suit, meets the obligation of the bond as to the property so destroyed; and it is the duty of the plaintiff to accept the tender.

5. *Same; plaintiff entitled to compensation for injury to property injured; evidence of damage admissible.*—When, after the execution of a replevy bond by the defendants in an action of detinue, and pending the suit, a portion of the property replevied is damaged, but not wholly destroyed, by fire, the plaintiff is entitled to compensation for the injury to the property, and evidence tending to show the amount of damage is competent and relevant.

6. *Same; waiver of claim for damages by plaintiff a question for the jury.*—In an action on a replevy bond, when there is testimony tending to show that after the alleged tender of the property replevied by the defendants, the plaintiff exercised control over the property tendered, it is a question for the jury, whether or not he refused such property, and shall be held to have waived his claim for damages to it while in defendant's possession.

7. *Same; plaintiff estopped.*—In an action on a replevy bond, if it is shown that the plaintiff, with knowledge thereof, received property in lieu of that for which he sued in the detinue suit, and for which defendants gave the replevy bond, and, after being informed of the substitution, retained the substituted property, exercising acts of ownership over it, he is estopped from claiming a forfeiture of the bond for the non-delivery of the property originally sued for.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the appellant, Geo. P. Heard, against the appellees; and sought to recover damages for the breach of a replevy bond given by the appellees, J. A. Hicks, C. B. Hicks and J. E. Hicks, as principals, and the other defendants as sureties, conditioned to return the property sued for in a detinue suit brought by Heard against the principals, if the defendants were cast in said suit.

It is unnecessary to notice the rulings upon the plead-

ings, since they are shown only in the bill of exceptions. The facts which led up to the present suit on the replevy bond are sufficiently stated in the opinion. The plaintiff offered in evidence the replevy bond and the judgment of the circuit court recovered by him in the detinue suit, and rested his case.

The defendants introduced evidence tending to show that on December 24, 1887, within 30 days after the rendition of judgment in the detinue suit, they tendered to the plaintiff a mule and wagon and three head of cattle ; that they also tendered the engine and told the plaintiff that it was at the Hicks place, where it was when the detinue suit was brought, "but that they would deliver it at Georgiana, the home of the plaintiff, if he desired it ;" that one of the defendants tendered to the plaintiff $150 in money, the assessed value of the gin and grist mill and fixtures, which were destroyed by fire before judgment in the detinue suit. Of the three head of cattle, which were tendered to the plaintiff, two were the same cattle, and the third was a different one from those recovered in the detinue suit. There was also tendered with these cattle a calf, which was the increase of one of the cows recovered in the detinue suit. The testimony further tended to show that when these tenders were made plaintiff refused to accept any of the property tendered, saying that he was not the proper person to whom it should be delivered ; but that afterwards the mule and wagon and cattle were placed in his possession, and he exercised acts of ownership over them. It was a conceded fact that the injury to the engine and the fixtures occurred after the replevy bond was executed, and before judgment in the detinue suit was recovered by the plaintiff. The plaintiff's counsel asked the plaintiff, whether there was any difference in the condition of the engine on the 24th of December from what it was at the time of the execution of the bond, which was the foundation of the suit? The defendants objected to this question, the court sustained the objection, and the plaintiff duly excepted. The plaintiff then offered to prove by himself that the engine had been burnt after the execution of the bond, but before the recovery of the judgment in the detinue suit. Upon the defendant objecting to this evidence, the court sustained the objection, and the plaintiff duly excepted. The

plaintiff as a witness was then asked the following question : "What was the difference in value of the engine when the bond was given in April and when it was tendered in December?" The court sustained the defendant's objection to this question, and the plaintiff duly excepted. The other facts are sufficiently stated in the opinion. The court, in its general charge, among other things, gave the following instructions : (1.) "That if Heard, the plaintiff, accepted the three cows, then he was estopped from insisting on the breach of the bond so far as the failure to deliver the three cattle is concerned." (2.) "That it was competent for the defendants, if they committed a breach of the bond as to the mill and gin and their fixtures to tender the amount of their value, and that it was the duty of Heard to receive it, if a tender as to that was made." (3.) "That if the defendants tendered or offered to deliver the engine to Heard, then he was in his own wrong, if he refused it, and can not recover for the failure of the defendants to deliver the engine, if it appears to their reasonable satisfaction that defendants are ready and able to deliver it." (5.) "That if Heard came into the possession of the property after the 30 days by delivery from defendants, then he can not recover the assessed value of the property because he had gotten all that he was entitled to." The plaintiff separately excepted to each of these parts of the court's general charge.

There were many charges requested by the plaintiff, to the court's refusal to give each of which he separately excepted ; and there were several charges given by the court at the request of the defendants, to the giving of each of which the plaintiff separately excepted ; but it is unnecessary to set these charges out at length.

There was judgment for the defendants. The plaintiff appeals, and assigns as error the several rulings of the trial court upon the pleadings, the evidence, and the charges.

J. C. RICHARDSON andGAMBLE & POWELL, for appellant. The bond declared on is not a statutory bond, Code, § 2718, and yet it is good as a voluntary undertaking or common law bond, and as such must receive such construction as will effectually accomplish the intent of the parties to it.—*Mitchell v. Ingram*, 38 Ala. 395 ; *Russell v.*

[Heard v. Hicks, et al.]

*Locke*, 57 Ala. 421; *Rose v. Pearson*, 41 Ala. 253; *Sugg v. Burgess*, 2 Stewart 509; *Tuck v. Moses*, 58 Me. 572; *Moss v. Holdson*, 5 Mass. 318. The identical property taken under the bond must be returned, and must be in as good order as when taken.—*Irving v. Smith*, 68 Wis. 227; *Parker v. Simonds*, 8 Met. 211; *Gibbs v. Bartlett*, 2 W. & S. (Pa.) 34; *Wright v. Quirk*, 105 Mass. 45; *Peck v. Wilson*, 22 Ill. 206; *Nickerson v. Chatterson*, 7 Cal. 570; *Allen v. Fox*, 51 N. Y. 562. The alleged tender by the defendants was insufficient.—*Camp v. Simon*, 34 Ala. 126; *Holmes v. Holmes*, 12 Barb. 137.

STALLINGS & WILKINSON, *contra*. (No brief on file.)

STONE, C. J.—An action was brought by the plaintiff Heard against J. A. Hicks, C. B. Hicks and J. E. Hicks, for the recovery of certain chattels in specie, under section 2717 of the Code of 1886. The plaintiff made oath and gave bond, and obtained a writ of seizure, which the sheriff executed by seizing the property sued for. This property the sheriff permitted to remain with defendants, upon the execution by them of a bond to the plaintiff, with Owen, Parker and two Goodwins as sureties. The condition of this bond was that, "If the said J. A. Hicks *et al.*, defendants in said suit, within thirty days after the determination thereof, if cast in said suit, deliver to the said George P. Heard the above described property, then this obligation is to become void; otherwise to remain in full force and effect." The bond contains no condition or obligation to pay costs or damages. The bond expresses as its penalty the sum of seven hundred and sixty dollars, and we have copied the entire condition. It will be seen that it does not conform to the statutory requirements.—Code, § 2717.

The trial of the detinue suit, or suit for the recovery of chattels in specie, took place November 25, 1887, and resulted in a verdict and judgment for plaintiff for most of the property sued for. The judgment, following the verdict, was as follows: "It is, therefore, considered by the court that the plaintiff have and recover of the said J. A. Hicks and J. E. Hicks the said steam engine and fixtures, said gin and fixtures, said bay mare mule, said wagon and said three head of cattle, or the alternate value of said steam engine and

[Heard v. Hicks, et al.]

fixtures of three hundred dollars; the value of the gin and fixtures of seventy-five dollars; the value of the grist mill and fixtures seventy-five dollars; the value of the bay mare mule of fifty dollars; the value of the wagon ten dollars; and the value of the three head of cattle of $8 each, being twenty-four dollars." There was neither verdict nor judgment for damages for the detention of the property; nor was there inquiry in the detinue suit, so far as the present record informs us, of any damage done the property pending the suit.

After the institution of the detinue suit, but before trial and judgment—the property sued for being in the possession of J. A. and J. E. Hicks—the mill and gin and their fixtures were burned, and the engine was seriously impaired in value as a consequence of the burning.

The breach complained of, and damages claimed in each count of the complaint are stated as follows: "And the plaintiff avers that the said J. A. Hicks was cast in said suit, and within thirty days after the determination thereof did not deliver to said Geo. P. Heard the above described property, and that the plaintiff has been greatly damaged thereby, in this: (1.) That by reason of said failure of said J. A. Hicks to deliver the said steam engine aforesaid, the plaintiff has been damaged in the sum of $300, with the interest thereon from, to-wit, the 25th day of December, 1887. (2.) That by reason of the failure of the said J. A. Hicks to deliver the said grist mill to plaintiff as aforesaid the plaintiff has been damaged in the sum of $75, with the interest thereon from the 25th day of December, 1887. (3.) That by reason of the said failure of the said J. A. Hicks to deliver the said gin, the plaintiff has been damaged in the sum of $75, with the interest thereon from, to-wit, the 25th day of December, 1887. (4.) That by reason of the failure of the said J. A. Hicks to deliver the said bay mare mule, the plaintiff has been damaged in the sum of $50, with the interest thereon from the 25th day of December, 1887. (5.) That by reason of the failure of J. A. Hicks to deliver said wagon, the plaintiff has been damaged in the sum of $10, with interest thereon from the 25th day of December, 1887. (6.) That by reason of the failure of said J. A. Hicks to deliver the said three head of cattle, the plaintiff has been damaged in the sum of $24, with the interest thereon from December 25th, 1887."

It will be borne in mind that the delivery or replevin bond contains no stipulation binding the obligors for any damages that the plaintiff might suffer in consequence of the giving thereof. For this, as well as other reasons, it is unnecessary for us to consider the claim asserted in this suit for attorney's fees incurred in the detinue suit. Sureties are bound only to the extent expressed in their obligation, or imposed by law. They stand on the terms of their contract.

Several pleas were interposed to the action, to some of which plaintiff filed demurrers. The rulings on the demurrers are shown only in the bill of exceptions. Under our rules of practice we are forbidden to consider these demurrers, but must presume they were abandoned.—3 Brick. Dig., 78, § 7; *Powell v. State*, 89 Ala. 172, 8 So. Rep. 109; *Beck v. West*, 91 Ala. 312, 9 So. Rep. 199. It results that we must try this case as an issue joined on all the pleas, without considering their legal sufficiency.

Pending the detinue suit, and after the execution of the replevin bond, a fire destroyed the mill and gin, and damaged the engine. No proof was offered in explanation of the fire, or its origin, and no special blame is imputed to the defendants on account thereof. The recovery in the detinue suit, however, demonstrates that, to the extent the plaintiff had verdict and judgment, the property was his at the institution of the suit, and, as a consequence, the possession and use of it by the defendants in the detinue suit was wrongful.

The rulings of the circuit court in reference to the gin, the mill, the mule and the wagon were clearly free from error. The mule and wagon were tendered within thirty days after the judgment was rendered, and the plaintiff had the benefit of them. The mill and gin having been entirely destroyed by fire, they could not be delivered. Their alternate values had been assessed and made the judgment of the court, and before the thirty days expired those alternate values were tendered to the plaintiff. The complaint in the present suit claims the values of the mill and gin only at the prices fixed in the detinue recovery. The proof fully sustained this branch of the defense, and the circuit court's rulings in reference thereto are free from error.

The engine and boiler present a different and graver

question. These had been injured by the fire, but were not destroyed. The defense relied on as to these was tender; but no offer was made to pay for the depreciation caused by the burning. The circuit court refused to receive testimony of such injury, and the plaintiff excepted.

The chattel or chattels sued for, together with damages for the detention, are the primary recovery in an action of detinue. But inasmuch as the chattel may perish, or become otherwise inaccessible, the rule and law of this action are that the alternate value of the property sued for must be ascertained and adjudged. And when more chattels than one are the subject of the recovery, the separate values must be ascertained and determined. This, because some of the chattels may, after judgment, be accessible and recoverable in specie, while others may be beyond reach. In this way the successful plaintiff has his rights secured to him, not alone by regaining possession of his property that remains accessible, but, also, by recovering the ascertained value of such part as may have gotten beyond the reach of process. So, when there is a recovery in detinue, the plaintiff must accept the specific thing recovered, unless by some default of the defendant he has armed the plaintiff with the right to demand, at his option, not the property itself, but its ascertained, alternate value. The damages for detention, recoverable by plaintiff, are intended to compensate him for the injury he has sustained by being kept out of the possession and use of his property. Reasonable hire, taking into the account the injury to the chattel caused by its use, if there be no exceptional features in the case, will mark the plaintiff's measure of recovery, under the head of damages for detention.

But exceptional cases arise. The chattel detained may sustain a serious injury, very materially impairing its value beyond that which would result ordinarily from its use. Now, as this injury and impairment of value accrue to plaintiff's property while defendant is tortiously withholding from him his right to possess and enjoy it, this abuse becomes a legitimate item and subject for the inquiry of damages for the detention. This, for the reason that if the chattel had not been wrongfully detained, it does not appear that the injury would

have ensued. Hence, *prima facie*, the injury is the result of the detention—the wrongful detention—which withholds the property from its rightful owner. In *Wortham v. Gurley*, 75 Ala. 354, 363, this court said, "that the damages required to be assessed for the detention of the property included any deterioration in its value occasioned by the default of the wrong-doer, through neglect, abuse, or non-use, during the period of detention. This injury is shown to have resulted from the tortious act of seizure and detention as its natural and proximate cause, and was a legitimate element of damage in addition to the value of rent or hire." See also 2 Sedgewick on Damages, (7th Ed.), 498 *et seq.; Freer v. Cowles*, 44 Ala. 314; *Wilkerson v. McDougal*, 48 Ala. 517; *Archer v. Williams*, 2 Car. & Kir. 26.

Having ascertained the extent of liability the defendant Hicks rested under for the use and abuse of the engine pending the detinue suit, what is the liability of his sureties on the replevin bond in relation thereto? They bound themselves as sureties of Hicks that the latter, if cast in the action, would within thirty days surrender the property. They thereby took upon themselves the same duty and obligation to surrender the property which rested on Hicks, and assumed all his liabilities for the non-delivery. We have shown that his possession of the property pending the litigation was that of a tort-feasor, and that this was conclusively shown by the verdict and judgment in the detinue suit. We have shown further that detaining and holding the property, as he did, without right, it was his duty to restore it in the condition it was in when he executed the bond, ordinary wear and tear excepted. Burning a house over the engine could not fail to injure it materially beyond the mere deterioration of it from use, and therefore brought it within the principle that a tender of property thus circumstanced is not a full discharge of the obligation to deliver. The circuit court erred in not receiving testimony of the injury done the engine from the burning, and in holding that the plaintiff was bound to accept the engine, if materially damaged, in discharge of the bond.

There was some testimony tending to show that after the alleged tender the plaintiff exercised some control over the engine. If this be so, it will present a question

[Brooks v. Rogers.]

for consideration by the jury, under the court's direction, whether or not he received the engine, and whether he thereby waived, or intended to waive all claim for damage it had sustained.

The question in reference to the cattle. If the plaintiff, with knowledge, received one or more cows in lieu of those embraced in the mortgage; or, if after being informed of the substitution, he retained such substituted cows, exercising acts of ownership over them, this would estop him from claiming a forfeiture of the bond for the non-delivery of the cattle, or any part of them.

Reversed and remanded.