# Merchants National Bank *v.* Bales.

### *Detinue.*

(Decided May 31st, 1906. 41 So. Rep. 516.)

1. *Detinue; Title; Transfer; Right of Owner.*—G's agent obtained possession of certain apples sued for without the consent of B. the owner, or any one authorized by B. to bind him: Held, B. could recover the apples in an action of detinue, wherever he finds the property.

2. *Carriers; Bill of Lading; Transfer; Fraud.*—A person having no right to a carload of apples, obtained a bill of lading from the carrier for the car of apples, and transferred same to a bank: Held, ineffectual to pass title as against the true owner, as a bill of lading or even a negotiable warehouse receipt tortiously obtained cannot, by assignment, even to an innocent purchaser, divest the owner's title.

3. *Detinue; Detention; Damages; Perishable Property.*—While wrongfully detained from the owner, if perishable property deteriorates in value, such deterioration is recoverable as damages in an action of detinue.

4. *Same; Claims by Third Persons.*—Where one comes in voluntarily and makes himself party defendant to an action of detinue, as provided by § 2634, Code 1896, he subjects himself to the same judgment for the property and damages for detention as the original party would suffer.

APPEAL from Montgomery City Court.

Heard before HON. A. D. SAYRE.

Detinue by H. S. Bales against the Louisville & Nashvills Railroad Company, in which the Merchants' National Bank of Lawrence, Kan., intervened. From a judgment for plaintiff, intervener appeals.

This is an action of detinue begun by appellee against the Louisville & Nashville Railroad Company to recover a car load of apples in barrels and damages for their use and detention. The Louisville & Nashville Railroad Company filed a sworn statement that they held the apples only as a common carrier of freight; that they had

no right or title in the same, except for their freight charges; and that they were advised that the Merchants' National Bank of Lawrence, Kan., claimed to own the said apples. Notice was issued to said bank, and through its attorneys it came in and defended the suit. The evidence tended to show that appellee had a car of apples barreled at Wytheville, Va., and that one Goodrich, representing himself to be an agent of one Greenlees for the purchase of apples for market, offered to purchase said carload of apples from appellee. That appellee made him a price of $1.90 per barrel cash f o. b. cars at Wytheville, Va. Goodrich said he would inspect the apples, but did not think that he could pay that much for them. That on the Saturday following Goodrich and bookkeeper of appellee went to Wytheville for the purpose of inspecting the apples. That the bookkeeper had no authority to sell the apples, and was instructed not to let Goodrich have them until cash was paid for them. That on the Monday following the said Saturday appellee asked Goodrich if he had inspected the apples and whether he would take them, when Goodrich replied that he had procured bill of lading for same from the railroad and that the car of apples had gone to Montgomery and the bill of lading had been sent to Greenlees in Kansas. It further appeared from the testimony that the bookkeeper had not sold or authorized said Goodrich to take the apples, nor authorized the railroad to issue bill of lading to the same. It further appeared that Goodrich left at once and that the bill of lading sent to Greenlees became the property of appellant through a proper transfer. There was some controversy as to whether or not appellee was indebted to Greenlees on account of damages alleged to have arisen on defects in a car load of apples heretofore shipped to some point in Texas. It was further shown that, soon after the apples arrived in Montgomery, a demand was made on the Louisville & Nashville Railroad Company by appellee for the car load of apples, and the road replied that they would deliver the same to the consignee, Greenlees, when properly identified or on surrender of the original bill of lading. It was further shown that the apples, on the day they arrived in Montgomery,

[Merchants National Bank v. Bales.]

were worth $2.25 per barrel, or $360, and on the day when they were released to appellee, on making of a replevy bond by virtue of deterioration and depreciation in value, they were worth only 75 cents per barrel, or $120. It was further shown that the suit was filed and served October 23, 1903, and the apples were seized and held by the sheriff until October 31, 1903, when they were delivered to appellee upon his executing replevy bond. That on November 12th the railroad company suggested that appellant and Greenlees were claimants, but no order was made requiring them to come in and defend until April 4, 1904. On June 6, 1904, the railroad company amended its suggestion by striking out the name of Greenlees as claimant, and on that day for the first time the appellant appeared in the case. On December 6, 1904, it entered its plea of non detinet, with leave to prove any legal defense. The case was tried by the court without a jury, and judgment awarded to appellee for the car of apples and $241 damages for detention. Appellant excepted to the finding of the court upon the facts and to the judgment rendered.

FRED S. BALL, for appellant.—The plaintiff did not have the legal title when suit was brought.

Appellant had acquired title by purchase of the bill of lading for value without notice of plaintiff's claim.—Leigh v. M. & O. R. R. Co., 58 Ala. 165; 4 A. & E. Ency. of Law, (2nd Ed.) 551. The appellant was not in actual possession when suit was brought. Constructive possession is not sufficient.—Burn v. Morrison, 36 W. Va. 423. The appellant was not in possession when it was made a party defendant. Deterioration in value constituting the damages awarded occurred before appellant became a party to the suit, before the apples came into his possession, and before any demand was made on it for them. Beyond all this the evidence does not bring this case within the rule making deterioration in value a part of damages recoverable.—Freer v. Cowles, 44 Ala. 314; Wortham v. Gurley, 75 Ala. 356; Hurd v. Hicks, 101 Ala. 102.

STEINER, CRUM & WEIL, for appellee.—The deterioration in value was clearly an element of damage recover-

able in this action.—*Wortham v. Gurley*, 75 Ala. 356; *Freer v. Cowles*, 44 Ala. 314; *Hurd v. Hicks*, 101 Ala. 102. Appellant having substituted itself as defendant in lieu of the original defendant became subject to any judgment which should have been rendered against the original defendant.

HARALSON, J.—The evidence warrants the conclusion that Greenlees' agent obtained possession of the car load of apples sued for without the consent of Bales, the owner, or any one authorized to bind him; that the bill of lading issued in Greenlees' name at Wytheville, Va., was also procured tortiously. The owner, therefore, had the right to reclaim the property wherever found. The transfer of the bill of lading to the defendant bank, while operating as a symbolical delivery of Greenlees' title and possession, could pass no higher title than if Greenlees had delivered the property in any other way. A bill of lading, or even a negotiable warehouse receipt obtained by one whose possession of the property is tortious, cannot by assignment, even to an innocent purchaser divest the title out of the true owner.—*Moore v. Randolph*, 52 Ala. 537; *Jasper Trust Co. v. K. C., M. & B. R. R. Co.*, 99 Ala. 421, 14 South. 546, 42 Am. St. Rep. 75; *Commercial Bank of Selma v. Hurt*, 99 Ala. 130, 12 South. 568, 19 L. R. A. 701, 42 Am. St. Rep. 38.

Damages for detention in an action of detinue cover the loss by deterioration in the value of perishable property while wrongfully detained from the owner. Such damages are the direct and necessarily proximate result of the wrongful detention.—*Freer v. Cowles*, 44 Ala. 314; *Wortham v. Gurley*, 75 Ala. 356; *Heard v. Hicks*, 101 Ala. 102, 13 South. 256.

A claimant who voluntarily comes in and makes himself party defendant under section 2634, of the code of 1896, subjects himself to the same judgment as to recovery of the property, and damages for the detention, as would have gone against the original defendant. The substituted defendant assumes the defense of the suit, the original defendant is discharged, the detention of the property by the original defendant must be treated as

[Riley v. Dillon & Pennell.]

held for and on behalf of the new defendant, and judgment should go accordingly.

The findings and judgment of the court below were in accord with the foregoing views, and its judgment is affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.