(86 South. 906)

## LOUISVILLE & N. R. CO. v. JAMES.
### (6 Div. 44.)

(Supreme Court of Alabama. Oct. 28, 1920.)

**1. Pleading ⬅193(8)—Demanding damages not recoverable does not make count demurrable.**

The fact that a count of the declaration in detinue claimed elements of damages not recoverable in such action does not make the count demurrable.

**2. Detinue ⬅19—Measure of recovery is property or value with value of use.**

The measure of recovery in detinue is the specific property or its alternative value, together with the value of the use or hire during wrongful detention, without interest or damages for deterioration in value from ordinary wear and tear.

**3. Detinue ⬅19—Deterioration caused by negligence can be recovered.**

Deterioration in value of the property while detained occasioned by the wrongdoer through neglect, abuse, or nonuse, is an element of damages recoverable in detinue in addition to the value of the use of the property.

**4. Detinue ⬅19—Remuneration for inconvenience through deprivation of property not recoverable.**

Remuneration for inconvenience and annoyance to the plaintiff as the result of being deprived of his property is not recoverable in an action of detinue, but such damages are included in the award for use of the property during the unlawful detention.

**5. Carriers ⬅188—Shipper liable for extra freight necessitated by his negligence.**

If a shipment miscarried as the result of the plaintiff's fault or negligence in giving shipping directions, or in erroneously marking the packages, the shipper is liable for the extra freight charges for transporting the goods from the erroneous destination to the true destination, and cannot recover for detention of the goods by the carrier.

**6. Carriers ⬅175—Terminal carrier liable for negligent misdirection by initial carrier.**

Where the shipper gave proper directions for the shipment of the goods, but the shipment miscarried as a result of the initial carrier's negligence, the initial carrier in that respect was the agent of the terminal carrier, and the shipper is not liable to the latter for the freight charges from the erroneous to the true destination, and can recover from the terminal carrier in detinue for the wrongful detention of the goods.

**7. Appeal and error ⬅1039(12)—Rulings on special pleas harmless where matter available under general issue.**

Rulings on special pleas were without injury to defendant, where all matters of evidence, as developed on the trial, pertinent or material to the defense, were admissible under the general issue.

**8. Compromise and settlement ⬅17(2)—Settlement with initial carrier does not bar recovery on separate wrong of terminal carrier.**

The liability of the initial carrier for negligence in respect to carrying the goods was distinct from the liability of the terminal carrier for wrongful detention of the goods, so that the shipper's settlement with the initial carrier did not relieve the terminal carrier's liability.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Milton James against the Louisville & Nashville Railroad Company in trover and detinue. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

After remand on the former appeal, plaintiff struck out the Alabama Great Southern Railroad Company as a defendant and all the counts except the third, which is as follows:

"Third. Plaintiff claims of the defendant the following personal property: [Here follows a description of a lot of household furniture], to the value and hire thereof during the detention, that is, from August 2, 1917, together with $200 special damages in addition to detention and value incident to withholding said property from the plaintiff"

—and the fourth count, which is the usual count in trover for the conversion of the same goods. It appears from the record that there were several suits consolidated, with the agreement that the verdict in one should be the verdict in all.

The following are the assignments of error referred to in the opinion:

(26) The trial court erred in refusing to give to the jury at the request of the defendant the following written charge:

"You cannot assess in plaintiff's behalf any damages for inconvenience or annoyance by virtue of plaintiff being deprived of his goods."

(49) In refusing to the defendant the following written charge:

"There can be no recovery in this case for any inconvenience, annoyance, or distress of the plaintiff."

(53) In refusing to the defendant the following written charge:

"You cannot award plaintiff any damages for any expense plaintiff may have incurred in seeking to recover his goods or in the purchase of other goods for the use of the plaintiff."

Tillman, Bradley & Morrow, of Birmingham, and Huey & Welch, of Bessemer, for appellant.

The demurrers to counts 3 and 4 should have been sustained. 31 Cyc. 106; 14 Ala. App. 422, 70 South. 201; 180 Ala. 556, 61 South. 61; 181 Ala. 491, 61 South. 364. The verdict shows that it was rendered only on the detinue count, and damages could only

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

be recovered for the value of the goods and for their detention. 44 South. 46; 166 Ala. 111, 52 South. 44. Counsel discuss the demurrers to the pleadings; but, in view of the opinion, it is not necessary to here set them out. The court erred in refusing the charges made the basis of assignments of error numbered 25, 49, and 53. Authorities supra.

Pinkney Scott, of Bessemer, for appellee.

All the matters set up by the pleadings were covered by the general issue. 148 Ala. 282, 41 South. 516. Counsel discuss other matters, but without further citation of authority.

BROWN, J. After remandment of this case on the former appeal, the plaintiff amended his complaint by striking therefrom the Alabama Great Southern Railroad Company as a party defendant, and withdrawing all counts except the third and fourth—detinue and trover respectively. The trial resulted in a verdict and judgment for the plaintiff against the appellant on the detinue count.

[1] If it should be conceded that the third count claimed elements of damages not recoverable in an action of detinue, this would not render the count demurrable. West. Union Tel. Co. v. Garthright, 151 Ala. 413, 44 South. 212; National Surety Co. v. O'Connell, 16 Ala. App. 654, 81 South. 146.

[2, 3] The measure of recovery in an action of detinue is the specific property or its alternative value, together with the value of the use or hire thereof during the period of wrongful detention, without interest or damages for deterioration in value from ordinary wear and tear. Ex parte Allen, 166 Ala. 111, 52 South. 44; White v. Sheffield & Tuscumbia Ry., 90 Ala. 253, 7 South. 910. But deterioration in value occasioned by the wrongdoer, through neglect, abuse, or nonuse, is an element of damages recoverable in addition to the value of the use or hire of the property. Wortham v. Gurley, 75 Ala. 356; Freer v. Cowles, 44 Ala. 314; Merchants' Nat. Bk. v. Bales, 148 Ala. 279, 41 South. 516.

[4] However, remuneration for inconvenience and annoyance to the plaintiff as the result of being deprived of his property is not recoverable. This is afforded in the damages awarded for the use or hire of the property during the period of unlawful detention; and charges refused to the defendant, made the basis of assignments of error 26, 49, and 53, should have been given.

[5, 6] If the shipment miscarried as the result of the plaintiff's fault or negligence in giving shipping directions, or in erroneously marking the packages, the plaintiff would be liable for the extra freight charges for carrying the goods from Jones to Johns, and should not recover. On the other hand, if the shipping directions given by the plaintiff to the initial carrier was to ship the goods from Cuba to Johns, the initial carrier, the Alabama Great Southern Railroad Company, in accepting the shipment acted as the agent of the defendant; and if the shipment miscarried as the result of the negligence of the initial carrier, or its servants, the plaintiff having prepaid the freight charges from Cuba to Johns, he was under no legal duty to pay the extra charges incurred in carrying the goods from Jones to Johns, and was entitled to recover the goods after demand for the delivery of the goods to him with damages for the wrongful detention. James v. A. G. S. R. R. Co., 202 Ala. 640, 81 South. 582.

[7] All matters of evidence developed on the trial, pertinent or material to the defendant's defense, were admissible under the general issue (Wellden v. Witt, 145 Ala. 605, 40 South. 126), and the ruling of the court on the special pleas, if error, was error without injury.

[8] The liability, if it was liability at all, of the Alabama Great Southern Railroad Company for negligence in respect to carrying the goods, was separate and distinct from the liability charged against the defendant in the counts of the complaint, on which the case proceeded to judgment; and the settlement of that liability did not relieve the appellant from liability for a wrongful withholding of the goods or their wrongful conversion after they came into the possession of the defendant. James v. A. G. S. R. R. Co., supra.

We deem what we have said a sufficient guide for another trial, and we refrain from further discussion of the assignments of error.

For the errors pointed out, the judgment of the circuit court will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.