(125 So. 649)

## WYATT v. DRENNEN MOTOR CO. et al.
### (5 Div. 19.)

Supreme Court of Alabama.　Jan. 16, 1930.

J. B. Atkinson, of Clanton, for appellant.

Lawrence F. Gerald, of Clanton, and Mullins & Jenkins, of Birmingham, for appellees.

FOSTER, J. Appellee sued appellant for an automobile in statutory detinue. Appellant executed a replevin bond and retained possession. Appellee had sold the car to one Crittenden, who executed a conditional sale contract. The car was later wrecked while in possession of the purchaser owing a balance of the purchase money. He then procured appellant to make repairs on the car amounting to a large sum ($157.30), to which interest was added. It was while appellant had possession claiming a lien on the car that this suit was instituted. Appellant procured a transfer to the equity docket claiming the benefit of his lien. Whether such proceeding was necessary to retain possession of the car on the strength of his lien is not presented on this appeal. But on that subject we refer to 18 C. J. 1004, note 7; Campbell v. Riddle, 217 Ala. 619, 117 So. 59; Beck v. Crow, 204 Ala. 295, 85 So. 489; Snellgrove v. Evans, 145 Ala. 600, 40 So. 567.

The court decreed that appellee as a conditional vendor had a superior claim to that of appellant. We had occasion to consider this question in Ellis Motor Co. v. Hibbler, 219 Ala. 53, 121 So. 47. We there held that, without the consent of such seller to the repairs, the common-law lien of the mechanic was inferior to the claim of the seller. This court had previously held that the statutory lien of the mechanic was, under such circumstances, inferior to that of the conditional seller. Tallassee Motor Co. v. Gilliland Bros., 22 Ala. App. 21, 112 So. 758; Id., 216 Ala. 257, 112 So. 759.

The decree of the circuit court, to the extent indicated, was therefore in accord with the decisions of this court. The authorities cited by appellant have application only to real estate and are controlled by section 8833, Code. Christian & Craft Grocery Co. v. Kling, 121 Ala. 293, 25 So. 629; Wimberly v. Mayberry, 94 Ala. 240, 10 So. 157, 14 L. R. A. 305. There is no similar statute which applies to personalty. Campbell Motor Co. v. Stanfield, 214 Ala. 506, 108 So. 515; Walden Auto Co. v. Mixon, 196 Ala. 346, 71 So. 694.

The court further found and decreed that, when appellant executed the replevin bond in the detinue case, the fair market value of the automobile was $350, and that, by reason of its depreciation in value occurring between that date and that of its sale under the order of court, it was worth on the latter date $50. The court therefore decreed that appellee had title superior to the claim of appellant, and proceeding to do equity rendered a moneyed judgment in its favor against appellant and the sureties on his replevin bond for the sum of $300, representing the depreciation in the value of the car pending the suit, and while it was in possession of appellant, who complains of this feature of the decree also.

Appellant executed the bond pursuant to section 7389, Code, in statutory detinue, while the suit was still at law. He delivered the car pursuant to the bond within 30 days after judgment. There was nothing awarded for the value of the use or hire of the car during the period of detention. Under section 7392, Code, the damages assessed for the detention of the property extend to the time of trial, and therefore include the period intervening between the date of the execution of the bond and the date of the trial. Pocahontas Graphite Co. v. Minerals, etc., Corporation, 215 Ala. 226, 109 So. 873. In such action the

"damages for its detention" under the statute cover loss by deterioration in value while wrongfully detained. Merchants' Nat. Bank v. Bales, 148 Ala. 279, 41 So. 516; L. & N. R. Co. v. James, 204 Ala. 604, 86 So. 906; Wortham v. Gurley, 75 Ala. 356; Freer v. Cowles, 44 Ala. 314; Heard v. Hicks, 101 Ala. 102, 13 So. 256.

It seems to be settled therefore that, if the action had remained at law, the deterioration in value would have been properly assessed as a part of the damages for detention, for which the sureties on the bond were liable in a summary manner. Section 7394, Code.

■ When a case is transferred from the law to the equity side of the court under section 6486 et seq., Code, the equity court takes it subject to the rights of the parties as then established by the pleadings and proceedings and bonds, if any, filed in the law court. In that event it is the evident purpose of the statute to confer on the equity court the power and jurisdiction to enforce those rights pursuant to its own procedure, in accordance with the statutes which establish and fix the rights of the parties had they remained in a court of law. Taking that view it seems logical that when a detinue suit is so transferred after the execution of the bonds authorized by section 7389, et seq., Code, the statutes which apply to such bonds fixing the rights of the parties go with the case into equity, subject to be enforced there according to the procedure applicable to the latter court.

This view of the law justified the circuit court in equity to pursue the course which it followed, and to enforce the rights conferred by sections 7392 and 7394, Code, applicable to replevin bonds in detinue.

■ The decree of the circuit court fixed the claim of appellee at $201.79 and interest from August 18, 1925, and allowed appellant 30 days to pay this amount and the costs of court in default of which the car was ordered sold. There having been default the car was sold for $50, and the court found that the value of the car was depreciated by $300, and decreed payment of that sum to appellee evidently as damages for detention. But the amount of the decree in favor of appellee should be limited to the total sum of $201.79, with interest from August 18, 1925, as that sum represents the full amount of the claim of appellee. No claim was made for attorney's fees or other allowances under the conditional sale contract. The decree will be here so modified as to limit the recovery by appellee to said sum of $201.79, and interest from August 18, 1925. As so modified the decree is affirmed.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.