198 So. 256

**KINNEY v. GLENN.**

**6 Div. 737.**

Supreme Court of Alabama.

Oct. 24, 1940.

Jim Gibson, of Birmingham, opposed.

Erle Pettus, of Birmingham, for petitioner.

FOSTER, Justice.

This is a detinue action for cotton in bales and cotton seed. Plaintiff gave a replevin bond under section 7391, Code. His right of action was based upon title acquired or claimed under a mortgage purporting to have been executed by defendant.

The court charged the jury that plaintiff's title depended upon whether defendant *signed* the mortgage. We do not understand from the opinion that there was exception to this oral charge. But the court gave for plaintiff a written charge in which the word used was *executed* rather than *signed*. Plaintiff requested two charges in which his right is made to depend upon whether defendant "signed or authorized his signature to be affixed" to it. They were refused. The Court of Appeals states in its opinion that there was not a scintilla of evidence which tends to show that defendant executed the note except by signing his own name. Whether he did or not was the one matter of controversy. The oral charge of the court should be construed in the light of the issues to determine if it was erroneous or even misleading. The Court of Appeals finds that it was not misleading and that the refused charges were not necessary to make the issue clear to the jury. It is apparent to us that the incidents of the trial could very well justify that conclusion. We agree with that court in that connection.

Another contention made by petitioner here is that there was error in the following portion of the oral charge, to which exception was taken: "In the event the jury found for the defendant, it would be necessary for the jury to assess the defendant's damages for the detention of the cotton and the cotton seed involved in the suit, from October 6, 1936, the date said property was taken from defendant, by the sheriff, up to the date of trial; that the proper method to be employed in arriving at damages for detention, would be to find, first, the value of said cotton, and cotton seed, on October 6, 1936, and to this sum, add interest thereon at the rate of 6 per cent. per annum from October 6, 1936, to date of trial, and then, second, find the value of said cotton and cotton seed on the date of the trial, and to then deduct this last mentioned sum from the value of said cotton and cotton seed on October 6, 1936, plus interest thereon as above stated, and the difference between the two sums would be the amount of defendant's damages for detention."

The question of interest in this connection does not seem to have been directly decided by this Court. But what has been decided is that interest should not be allowed on the amount found to be the value of the hire and use of the property, when such hire and use is the proper measure of damages for detention. But the amount of such hire and use is the incident in question, and to add the interest on that amount to it, was said in Fralick v. Presley, 29 Ala. 457, 65 Am.Dec. 413, to add one incident to another. And in Ex parte Allen, 166 Ala. 111, 52 So. 44, it is made perfectly plain by saying that "Interest on the value of the hire or use is not an element of the damages."

Those cases are cited in Louisville & Nashville R. R. Co. v. James, 204 Ala. 604, 86 So. 906, 907, to explain its meaning when it is there stated that the damages for detention are measured by "the value of the use or hire thereof during the period of wrongful detention, without interest or damages for deterioration in value from ordinary wear and tear." The interest there referred to is on the amount of the value of the use and hire. See 18 Corpus Juris 1024, 1025, section 101. But those cases are not authoritative where the property has no value for its use and hire, but may be sold for cash, in which the cash has such value in the form of interest.

But in many cases interest on the value of the property is allowed as damages and take the place of the value of the use and hire of it, especially when the money value of the principal is to be computed and recovered. 16 Am.Jur. 956; 96 A.L.R. 240. It is said in Fralick v. Presley, supra, that the "hire of slaves in detinue is analogous to interest on the value of the property in trover."

Under our statutory detinue, where a replevin bond is given by either party, and it is disposed of so as not to be available, an execution issues for its value and damages for its detention. Section 7394, Code. The amount of the damages for its detention is the same, whether the property is returned, or an execution issues for its value. In either event the successful party would be deprived of the right during

detention to sell the property at its value when taken away from him and to earn interest on its proceeds. If the property had value for use and hire, that would control, but when it has no such value, the successful party is not awarded compensation for the wrongful detention except upon some such basis as the legal rate of interest on the amount of its ascertained value. It is quite similar to a recovery in trover. The principle has been applied generally when the detained property is such that its rental value cannot be estimated. Interest on its value for the period is considered a fair method for measuring it. Southern Railway Co. v. Coleman, 153 Ala. 266, 44 So. 837; Watson v. Kirby, 112 Ala. 436, page 446, 20 So. 624.

It is also contended that the damages for detention should not include the depreciation in the market value of the property between the day when it was taken and the day when judgment is rendered. It is conceded that such depreciation during a wrongful detention of perishable property should be included. But it is contended that this rule has not been applied to property which is highly fluctuating in value, though not physically perishable. Reliance is had on Merchants' National Bank v. Bales, 148 Ala. 279, 41 So. 516, where the word *perishable* is used in that connection because the court was dealing with that sort of property (apples). The opinion cites Freer v. Cowles, 44 Ala. 314, in which the word *perishable* does not occur, and where no such limitation is made, and it was as to household furniture. It also cites Wortham v. Gurley, 75 Ala. 356, where the suit was for machinery not shown to be perishable, and no such limitation is expressed in stating the rule. The same is true in principle in Heard v. Hicks, 101 Ala. 102, 13 So. 256, and Wyatt v. Drennen Motor Co., 220 Ala. 413, 125 So. 649.

We are in accord with the view of the Court of Appeals that this rule covering depreciation caused by the wrongful detention, but not from wear and tear, should apply to property which has a fluctuating market value, as well as to perishable property. We do not intend at all to limit the rule to perishable property and that which has a fluctuating market value. It has not been done in our cases.

Writ denied.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.