17 So.2d 417

### BALDWIN v. TROY FINANCE CORPORATION.

### 4 Div. 319.

Supreme Court of Alabama.

Feb. 3, 1944.

Rehearing Denied March 23, 1944.

Powell, Albritton & Albritton, of Andalusia, for the petition.

E. O. Baldwin, of Andalusia, opposed.

BOULDIN, Justice.

Troy Finance Corporation, petitioner, brought an action in detinue against the respondent to recover "one 1937 Model Ford Tudor with Motor No. 3863214 with the value of the hire or use thereof during the detention, towit; from the 25 day of February, 1938." The suit was filed August

30, 1938. Defendant gave a replevy bond pursuant to Title 7, § 918, of the Code and so retained possession of the property pending the suit. On July 8, 1942, a judgment nihil dicit was rendered reciting: "This cause coming on for trial on this 8 day of July, 1942, came the Plaintiff, but the Defendant being called came not and said nothing, whereupon the Plaintiff made proof of the allegations of the complaint and made proof of the value of the property sued for at Two Hundred Dollars ($200.00) and damages for the detention thereof in the amount of Five Hundred Ten and no/100 ($510.00) Dollars, and the Court found from the proof offered that the value of the property sued for was Two Hundred Dollars ($200.00) and the damages sustained by the plaintiff for the detention of the property was Five Hundred Ten and no/100 ($510.00) Dollars."

Thereupon judgment was entered for the plaintiff for the property or its alternate value so found and also the recovery of the sum of $510 for the value of the hire and use of the property. In fixing the amount recoverable for the hire and use of the property the court shall award the "damages for its detention to the time of [the] trial." Title 7, § 921, Code. The decision of the Court of Appeals holds: "It will serve no good purpose to discuss the facts of this case other than to say that the internal evidence itself, that is, the judgment of the trial court, in the light of the value of the automobile as found by the trial court, taken in connection with the amount of damages awarded for its detention, clearly convinces us that said judgment is plainly and palpably excessive and unjust, therefore judgment appealed from is reversed and the same is hereby remanded. Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447; Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738."

This holding cannot be otherwise considered than as holding as matter of law a judgment assessing the value of the property at $200 and fixing the damages for detention at $510 is on its face plainly and palpably excessive and unjust. In other words, under no state of facts would this be a just finding of the trial court.

█ Without prolonged discussion such holding of the Court of Appeals is clearly erroneous. Such holding does not purport to be a finding on the evidence. Looking as we do to the make-up of the record before the Court of Appeals, the evidence offered before the trial court on the question of value and damages for detention was not before the Court of Appeals. According to the record, the defendant had detained the possession of the automobile for over four years. The court was free to assess the alternate value of the property as of the date of the trial. Johnson v. Marshall, 34 Ala. 522; Wortham v. Gurley, 75 Ala. 356; Holly v. Flournoy, 54 Ala. 99; Wyatt v. Drennen Motor Co., 220 Ala. 413, 125 So. 649.

█ In fixing damages for detention, the ordinary wear and tear on the property may be included. Ex parte Allen, 166 Ala. 111, 52 So. 44; Louisville & N. R. R. Co. v. James, 204 Ala. 604, 86 So. 906; Kinney v. Glenn, 240 Ala. 202, 198 So. 256.

█ The general purpose of the statute is to make the plaintiff whole. The date at which the value of the property should be assessed is to be determined by the facts of the particular case, in order to accomplish justice between the parties. Without further comment, we hold that the Court of Appeals was in error as a matter of law and writ of certiorari is due to be granted.

█ We do not question the recital of the decision of the Court of Appeals to the effect that the Court had read and studied the record with attentive care. We do not doubt they felt the judgment was excessive and unjust, but they put it on the wrong basis, an incorrect statement of the law which would lead to much injustice in the application of the law.

The cause will be remanded to the Court of Appeals for further consideration of such other questions as were duly presented before that court.

Writ of certiorari granted.

All Justices concur.