MOORE
v.
DAVIS,

In an action of
*trover* before a
justice's court,
a *set-off* is not
allowable; and
if the defend-
ant afterwards
bring an action
to recover his
demand against
the plaintiff,
the former ac-
tion is no bar
under the act.
(Sess. 36.c. 53.
c. 6.)

MOORE *against* DAVIS.

IN ERROR, on *certiorari*, from a justice's court. *Davis* brought an action of *assumpsit*, before the justice, against *Moore*, for work and labour, &c. Plea, *non assumpsit*, and a former suit and recovery by the defendant against the plaintiff, in which the plaintiff neglected to set off his demand.

The plaintiff having proved his cause of action, the defendant produced a certificate of his former suit and judgment, and contended that the plaintiff ought to have set off his demand in that action. The plaintiff offered to prove that the action against him by the defendant was in *trover*. This was objected to, but the objection was overruled by the justice. It appeared that the action was *trover* for a horse, in which the plaintiff did not set off his demand. But the justice decided that the former suit was no bar, as the plaintiff was not bound to set off his demand in that suit: and he gave judgment for the plaintiff for 25 dollars.

*Per Curiam.* The former suit by the defendant, in which it was alleged that the plaintiff ought to have set off his demand was an action of *trover*. It was an action founded on a *tort*, and, according to the construction given to the act, (sess. 36. c. 53. s. 6. 1 *N. R. L.* 387.) in the cases of *Allen* v. *Horton*, (7 *Johns. Rep.* 23.) and *Dean and Chamberlain* v. *Allen*, (8 *Johns. Rep.* 390.) no set-off was admissible. The justice was, therefore, correct in deciding that the former suit and trial was no bar to the present suit. The judgment must be affirmed.

Judgment affirmed.