HANKS VS HINSON & PATTERSON.

*As to pleadings, in cases of appeal from justices of the peace.*
*Evidence in actions for use and occupation.*

1. The statement or declaration filed in a case, commenced before a justice of the peace, and removed into the Circuit Court by appeal, is not subject to the technical rules of pleading.

2. So, a statement in such case, need not be laid with a venue; nor do more than shew in general terms, the cause of action sued upon, and a breach.

3. In an action by a firm, for use and occupation of a house,— evidence that the house was sold to one of the firm, but whether on account of the firm or not, was not known by the witness, but that the vendee had his account with the firm, credited with the amount of the purchase money, and that the defendant rented the house of that member of the firm,— held not incompetent testimony to go before the jury.

4. One sued for the rent of a house which he has occupied, cannot dispute the title of his lessor, without shewing eviction or disturbance.

In error to the Circuit Court of Wilcox county.

This case was originally commenced before a justice of the peace, and removed into the Circuit Court by appeal. The action was commenced in the name of A. C. Hinson & Co. to recover of Hanks the amount of an open account, alleged to be for rent, and before the justice, a judgment was recovered by the plaintiffs for thirty-eight dollars, and costs of suit.

On the appeal to the Circuit Court, a statement was filed in the name of Atlas C. Hinson and Duncan

A. W. Patterson, alleging an indebtedness for the use and occupation of a house. The statement was in short, but contained no title of the term, nor statement of the venue.

To this statement was entered, first—a demurrer, which did not appear to have been disposed of. Secondly—*non*-assumpsit; and thirdly—that the house rented, was not the property of the plaintiffs.

A verdict was rendered upon an issue joined to these pleas, and by bill of exceptions, the case was removed here.

Upon the trial, it was proved by one Burnett, that one Ellis, purchased a certain house from *witness*, and had removed it to a lot in the town of Barboursville, without stating that he was the agent of any one. That the said house was erected upon the lot of one Bettis, whose permission it was not shewn, that Ellis had obtained, either to place the house there or to occupy it.

It was also proved, by one Acker, that the said Ellis had been commissioned by him, to open a grocery store in Barboursville, and erect a house there: That Burnet had applied to him for payment for said house, purchased by Ellis, as his agent; and that Hinson and Patterson, had made application to said Acker for payment for goods purchased by Ellis.

It was further in proof, by the evidence of one Patterson, that Ellis had sold said house to witness' brother, one of the plaintiffs; but whether the sale was to him, individually, or for the firm, was not known : nor whether Hinson and Patterson had ever traded in partnership in houses or lands—but that an account which Ellis had contracted with the firm,

had been credited with the amount paid for the house : That Hanks had rented the house from the said Patterson, one of the plaintiffs, and had oc-cupied it.

All this latter testimony was objected to by the defendant, as variant from the contract set out in the declaration; which objection was overruled by the Court, who charged the jury, that the testimony as to Ellis, being the agent of Acker &c. was no bar to the plaintiffs recovery.

The bill of exceptions, stated, that there was much testimony on the question, whether the house was or not, co-partnership property, and whether purchased by Ellis for himself, or as the agent of Acker: But the evidence shewed that the plaintiffs were co-partners in merchandise, and that they were in possession of the house—one of them having rent-ed it to the defendant.

There were assigned in error:

First—The matters set forth in the bill of excep-tions.

Secondly—That there was no venue laid in the declaration.

Thirdly—That there was no consideration.

*Bedford* for plaintiff in error; *J. B. Clarke*, contra.

GOLTHWAITE, J.—The assignment of errors, brings before the Court, the inquiry as to the suffi-ciency of the declaration or statement of the cause of action, in a case, commenced before a justice of the peace, and tried, on appeal, before the Circuit Court of Wilcox county.

It is said, and so is that the fact, that no venue is laid in the declaration; but that is perhaps, wholly unnecessary in summary proceedings of this character, in which the pleadings are supposed to be framed under the direction of the Court trying the cause.

It is also said that no sufficient consideration is set forth, to support the promise to pay; but on examination, this does not seem supported by the record, which alleges the defendant to have had the use and occupation of a house, at his special instance and request, for which he promised to pay plaintiffs the sum of twenty-eight dollars. It is not usual to test the pleadings in cases originating before justices of the peace, by the rules which obtain in other cases. It is sufficient, if the statement of the plaintiffs' cause of action, shews in general terms, a debt due, or a contract to be performed, and a non-payment of the debt, or breach of the contract.

This Court has decided, that it will not scrutinize proceedings similar to these, by the technical rules of pleading.*—From this decision, we feel no inclination to depart. We consider the declaration as substantially good.

*2 Stewart & Porter 66—Clark vs Bostick 5 Wind 274.

The assignment of errors, brings before us, the act of the Court below, in the admission of testimony, and its charge to the jury, on certain evidence before it.

It seems to have been a question how far the co-partnership of the plaintiffs, in relation to the ownership of the house, used and occupied by the defendant was established, or what evidence was competent to make out that point. The plaintiffs offered a witness, who deposed that one Ellis had sold the house

to Patterson, one of the plaintiffs; but he could not say whether the purchase was for himself, or on account of the firm—but, that an account, which Ellis had contracted with the firm, was credited with the sum agreed to be paid,—that the defendant rented the house to Patterson, and occupied it seven months. The contract was not in writing.

To this evidence the defendant objected, for two reasons: First—because it did not establish the contract, as laid in the declaration; and, Second—because there was no evidence that the firm account against Ellis was credited by the direction of either partner. The bill of exceptions states, that there was a conflict of evidence relative to the copartnership.

The evidence offered and admitted, seems to have been strictly legal in character, and tended to establish the existence of a co-partnership. What weight it was entitled to, in a conflict of evidence, was matter entirely for the consideration of the jury. We do not think there was error in the admission of this evidence.

Evidence was offered, to shew that Ellis was the agent of one Acker, and that the house was erected on land of, and belonged to one Bettis; and the Court charged, that those circumstances, if admitted, constituted no defence to this action.

This charge is questioned, because it said, if the defendant was responsible, either to Acker or Bettis, for the occupancy of the house, he ought not also to be liable to the plaintiffs—whom he shews to have no title.

4 P          65

If he occupied the house as the tenant of the plaintiffs, it was not competent for him to dispute their title, when sued for rent, without shewing disturbance or eviction. Neither is shewn by the evidence, or was attempted to be shewn in the Court below.

There was no error therefore, in the charge, as given—and this disposing of the errors assigned, the judgment-must be affirmed.