## PRICE ET ALS. *vs.* TALLEY'S ADM'RS.

1. To maintain the action of detinue the plaintiff must show that he is entitled to the entire property, either general or special, in the thing sued for. If others, not joined, are interested with him, he cannot recover.
2. A sale by the tenant for life of the absolute property in a chattel converts the interest of the remainder-man into a *chose in action*,—the transfer of which, with a knowledge of the fact that the chattel is in the adverse possession of the purchaser, under a *bona fide* claim of the entire title, is void, and passes nothing to him to whom such transfer is made.

Error to the Circuit Court of Jackson. Tried before the Hon. Geo. Goldthwaite.

This was an action of detinue to recover a slave named William, and was instituted by William J. Price, Elisha Price, Oliver Hughes, John B. Hughes, William J. Hughes and John E. Hughes, heirs at law of Polly Woods, deceased, against Jacob Talley. The defendant having died, pending the suit, it was revived against his administrators. On the trial, as appears by the bill of exceptions, the plaintiffs read in evidence a deed in the following words: "Know all men by these presents, that I, Richard Price, of Warren county, and State of Tennessee, for and in consideration of the natural love and affection I have

for my daughter, Polly Woods, I have bargained, sold and de-livered to her a negro girl named Mary and her child named Patty, with their increase; to have and to hold the said negro slaves during the natural life of my said daughter and her pre-sent husband, Drury Woods, or the survivor of them; and at the death of the said Polly and Drury Woods, the said negro slaves, with their increase, are to be returned and delivered to the right and legal heirs of said Polly Woods; it being the in-tention of this instrument to convey a life estate in said slaves to my said daughter and son-in-law. And I do hereby warrant and defend said negro slaves to the said Polly and Drury Woods, from the claims of all persons whatsoever. In witness whereof, I have hereunto set my hand and seal, this 4th day of April 1810.—RICH'D PRICE, [SEAL."] They then proved the death of Polly and Drury Woods, that they were the heirs at law of said Polly, and that the slave sued for is the son of the woman Mary named in the deed. The defendants proved that their intestate recovered a judgment against the said Drury Woods in his life-time in a justice's court, and that the slave sued for, then five or six years of age, was sold by a constable under an execution issued on said judgment and purchased by the said intestate, who up to his death always claimed him as his property. They further proved that two of the plaintiffs had died since the institution of the suit, and as to them that it had not been revived, and that Emory W. Hughes, Richard P. Hughes, James N. Hughes and Elisha T. Hughes, children of Christiana Hughes, deceased, were also heirs at law of Polly Woods, and were in life. To rebut this, the plaintiffs intro-duced a deed executed by the said Emory W., Richard P., James N., and Elisha T. Hughes, after the purchase by the de-fendants' intestate, and whilst he had possession of and claimed the slave as his own property, by which they conveyed to Wil-liam J. Hughes all their right and title to said slave. There was evidence in the case from which the jury might infer that the plaintiffs and the grantors in the last named deed knew, at t e time of its execution, that the intestate of the defendants had the possession of the slave, and claimed him as his own pro-perty. There was much other testimony introduced on the trial, none of which, however, is material to the questions de-cided by this court. The charge of the Circuit Court upon

the above evidence, which was excepted to by the plaintiffs, and is now assigned as error, will be found in the opinion.

ROBINSON, for the plaintiffs in error:

1. No sale or other disposition made by the tenant for life can defeat the remainder.—Fearne on Remainders, 415, (marg.) Lyde et als. v. Taylor et als. 17 Ala. 270. On many deeds similar to this our own court has put a construction, which shows that this remainder to the heirs of Polly Woods is good, and not contingent.—Catterlin v. Hardy, 10 Ala. 514; Inge v. Murphy, 10 ib. 885; Adams v. Broughton, 13 ib. 731; Price et al. v. Talley's Adm'r, 10 ib. 946 —see also, Bank's Adm'r v. Marsberry, 3 Littell, 279. Defendant proved that certain persons by the name of Hughes were heirs of Polly Woods: That these persons, in Oct. 1838, sold their interest in the property sued for to one of the plaintiffs, and that this sale took place before the death of Drury Woods; and at the time of this sale Talley was in possession under an alleged purchase and claimed title in himself. Upon this proof the court charged that the possession of Talley was adverse, and being adverse, that the plaintiff acquired no right under said sale, and that the plaintiffs could not recover. This charge was clearly erroneous: For, if it be true that Woods held but a life estate, and that the remainder to the plaintiffs could not be destroyed by any act of the tenant for life, it thence follows that Talley bought Woods' life estate, and no greater interest, and that he held that interest in precisely the same character that Woods held it. By his purchase from Woods he sustained the same relation to those in remainder that Woods did. Woods being tenant for life, was a trustee for those in remainder: And being trustee, his purchaser could acquire no greater powers than he had.—Fearne on Remainders, 414; Lyde et als. v. Taylor et als. 17 Ala. 270. No adverse possession could commence in any one till after the death of Woods and wife, because the possession of Woods was in perfect harmony with the rights of the remainder-men. King v. Mims, 7 Dana, 267.

2. Again, the charge is erroneous in this—it assumes that because Talley's possession was adverse at the time of this purchase, that none of the plaintiffs could recover. If this conclusion be true, then property never could be recovered against an adverse possession, no matter how perfect the right to it.

3. But again, if it be assumed that Hughes, the plaintiff, acquired no right to this property by his purchase, because Talley's possession was adverse, and as the legal title was still in his vendors, that they should have been made parties, still the charge is equally erroneous. This is an action of detinue, and therefore in form *ex delicto.*—1 Chitty's Plead. 121-2-3, and citations. In all actions *ex delicto*, where there is a non-joinder of parties plaintiffs, the defendant cannot take advantage of this non-joinder so as to defeat the action under the general issue, but must do it by plea in abatement.—1 Chitty's Plead. 64-66, and the cases cited by him.—James v. Stewart & Rainey, 9 Ala. 855. In this last case, which was an action *ex delicto*, this court affirm the doctrine, that if the party suing have the legal right of action, the non-joinder of others who also have legal rights of action can only be taken advantage of by plea in abatement. The following cases hold that when one joint-owner sues alone, the non-joinder of others who have an equal right in the property cannot be taken advantage of under the general issue, but it must be by plea in abatement, or by motion to apportion the recovery.—Hart v. Fitzgerald, 2 Mass. R. 519; Thompson v. Hoskins, 11 Mass. 419, and cases cited by the court; Wheelright v. Depeyster, 1 Johns. R. 471; Brotherton v. Hodges, 6 Johns. R. 108; Bradish v. Schenck, 8 Johns. R. 117; Hall v. Adams, 1 Aikin, 166; Bell v. Lyman, 1 Monroe, 40; Rich v. Pemissield, 1 Wend. 380; Clancy v. Dickey, 2 Hawks's R. 497; White v. Webb, 15 Conn. 302; Wilson v. Gamble, 9 N. Hamp. 74; Gilbert v. Dickinson, 7 Wend. 449; Low v. Mumford, 14 Johns. R. 426. All which show, even admitting that Talley's possession was adverse, and the sale to Hughes therefore void, that he and the other plaintiffs were still entitled to recover; and defendants having failed to plead in abatement, these facts could not be made available to them under the general issue, and the same rule will hold in regard to the other alleged parties in interest, not made parties to the suit. As to the deaths of the plaintiffs after suit, the plea in abatement was proper.—1 Chitty's Plead. 447.

BRICKELL, for the defendants:

1. It has been decided by this court, that if a remainder is created in a slave, and the tenant for life sells to a stranger, it is

a discontinuance of the estate in remainder, and turns it into a chose in action.—Broome v. King, 10 Ala. 819.

2. A chose in action cannot be assigned so as to vest in the assignee a right to sue in his own name at law.—Goodwyn v. Loyd, 8 Port. 237.

3. The charge of the court is in substance this, that if Talley had possession of the slave sued for, claiming him absolutely under color of title, and the transferors knew this at the time of the transfer to William J. Hughes, then the defendants must recover. This court has decided, that to constitute an adverse possession which will avoid a sale, the following facts must concur: an actual possession; that possession connected with a *bona fide* claim of title; title asserted as hostile or adverse to the title of the true owner.—Nelms v. Hinton, 13 Ala. 222. The charge of the court requires the jury to determine whether these facts exist.

4. Admitting that Talley's title was subordinate to that of the plaintiffs', when acquired, his possession would become adverse, if he disclaimed holding subject to the plaintiffs' title, and retained possession, asserting title in himself, and the plaintiffs had notice thereof, or it was so notorious as to afford reasonable presumption of notice.—Harrison v. Pool, 16 Ala. 167.

5. But if the court below erred in its charge, this court will not reverse, as the record shows the plaintiffs are not entitled to recover. The plaintiffs have not the entire interest in the slave sued for, and this is a fatal objection.—Bell v. Hogan, 1 Stew. 536; Miller v. Eastman, 11 Ala. 609; Broome v. King, 10 ib. 819.

CHILTON, J.—It is well settled in this State, that to entitle the plaintiffs to recover in the action of detinue, they must have the entire interest in the thing sued for; "they must have the absolute property with the right to the immediate possession, or a special property, as in the case of a bailee."—Miller v. Eastman, 11 Ala. 609-614; Hogan v. Bell, 1 Stew. 536. To say nothing as to the failure of the plaintiffs to revive the suit in the Circuit Court in the names of the personal representatives of such of the plaintiffs as had died since it was commenced, it appears that Emory W., Richard P., James M. and Elisha T. Hughes, children of Christiana Hughes and heirs of Polly Woods, and who were such when the suit was com-

3

menced, were not made parties thereto. This fact, which is shown by the record, defeats the plaintiffs' right to recover, under the decisions above refered to, unless the conveyance by the said children of Christiana to William J. Hughes, one of the plaintiffs, dated Oct. 4, 1838, passed their interest to him. The proof shows that at the time this sale was made Jacob Talley, the defendants' intestate, was in the actual possession of the slave, claiming the same as his own, having purchased at constable's sale on the 4th March 1828, under the belief that the person selling the slave to him had a good right to sell and dispose of him. The court charged the jury that if they believed that the said Jacob Talley had purchased the slave sued for, believing that the person selling had a good right to sell, and that he held the said slave under said purchase as his own property, against the claim of all persons, and that this was known to said persons, (the Hughes,) at the time they executed the said conveyance or transfer to W. J. Hughes, that then the plaintiffs were not entitled to recover. The effect of the charge is, that if Jacob Talley purchased in good faith and held the slave, and claimed title to him adverse to every one else, and this was known to the persons transfering to W. J. Hughes at the time of their transfer, it amounts to a sale of a chose in action, and that such transfer does not vest any title which will support this action. Irrespective of the question so ably argued by the counsel for the plaintiffs in error, that the deed to Polly and Drury Woods conveys such an interest to the remainder-men as cannot be defeated by the sale made of the slave as the property of Drury Woods, we think the charge is strictly in accordance with the law; for if we concede the position contended for, that the remainder-men could sue and recover from the purchaser, it does not follow that they can transfer this right of action to another, so as to enable him to maintain the suit in his own name. Granting, for the sake of the argument, what the counsel for the plaintiffs contends for, that this is not a contingent remainder, but that it is such an interest as is not subject to be defeated by any disposition of the party entitled for life, even then it must be held subject to be turned into a chose in action. The case of Broome et al. v. King, adm'r, 10 Ala. 819-823, is an authority directly in point. In that case, it was held that a sale made by the husband of the tenant for life, and before the

termination of the life estate, changed the remainder, which was vested, into a chose in action, disabling the husband of one of the parties entitled in remainder, and who united with him all the parties *except his wife*, from recovering against the alienee of the tenant for life. That such adverse possession will avoid the sale made to Wm. J. Hughes and thereby render the present plaintiffs incapable of recovering—see Goodwyn v. Lloyd, 8 Port. 237; Brown v. Lipscomb, 9 ib. 472; Nelms v. Hinton, 13 Ala. 222; Harrison v. Pool, 16 ib. 167; Herbert v. Hanrick, 16 ib. 581. The question is not whether Talley took a good title to the property by his purchase under the constable's sale; but did he, at the time of the transfer to Wm. J. Hughes, hold the property as his own under a *bona fide* claim of title, and had the persons making the transfer knowledge of this fact at the time of such transfer? These inquiries were fairly and properly presented by the charge of the court to the jury; and being the only matters assigned as error upon the record, we do not deem it necessary to go beyond them, to decide upon the character of the title conveyed by the deed of Price to his daughter and son-in-law, Polly and Drury Woods.

Judgment affirmed.

PARSONS, J., not sitting.