## MOORE vs. CLAY.

24  235
o132 407

1.  In an action of slander, the defendant may show, in mitigation of damages, that he was incited and provoked to the utterance of the slanderous words, by some act or declaration of the plaintiff, contemporaneous with the speaking of the slander, or nearly concurrent therewith ; but to render such act or declaration of the plaintiff admissible in evidence, it must be shown to have been the immediate and proximate cause or provocation of the slanderous words : it is not sufficient, to show that it occurred, and was communicated to the defendant, before the speaking of the slanderous words.

2.  When the record shows an error in the conditional admission of evidence, it must also show that the error was rectified or cured by the introduction of the proper preliminary proof, or the judgment will be reversed : the Appellate Court will not presume that the error was corrected, or deprived of its injurious effects, because the bill of exceptions does not purport to set out all the evidence.

ERROR to the Circuit Court of Sumter.

Tried before the Hon. B. W. HUNTINGTON.

BLISS & BALDWIN, for plaintiff in error.

ROBERT H. SMITH, *contra.*

CHILTON, C. J.—Moore sued Clay for slander, for that he said of him, he was a hog thief, and that he could come near proving it.

On the trial, after the plaintiff had introduced proof tending to establish the speaking of the words charged in the declaration, the defendant proposed to prove by a witness, that, before such speaking, the plaintiff had been in the habit of using language derogatory to the character of the defendant, viz., that he cursed the defendant in a conversation had with the witness, and said he, the defendant, was a hog thief. The plaintiff objected to this proof, but the court admitted it, on condition that it would be ruled out, unless it was shown that the defendant had notice, before the speaking of the words declared on, of such declarations.

The witness stated that, sometime before the defendant spoke the alleged slanderous words, the plaintiff had the above mentioned conversation with him, and that he communicated what the plaintiff had said to the defendant, before the defendant spoke the words counted on. The plaintiff then moved to exclude the proof of what he had said ; but the court refused, and he excepted.

In mitigation of damage, as showing the absence of a settled malicious purpose to injure the reputation of another, the defendant may be allowed to show that he was excited and provoked to say what he did, by some act or declaration of the plaintiff, occurring at the time of his speaking the words charged against him, or so nearly concurrent as that the speaking or acting of the plaintiff may reasonably be presumed to have incited and provoked the speaking of the slanderous words declared on. In such case, the concurrent declarations become parts, as it were, of the *res gestæ,* and aid the jury in arriving at the *quo animo* the slanderous words were spoken by the defendant. The same result would follow, if the defendant had used the slanderous expressions immediately, or so nearly contemporaneously as to make them part of the transaction, upon receiving information of what the plaintiff had said.

On the other hand, it is certain that one slander cannot be

set off by another, and unless the record shows that the words spoken by the plaintiff were the immediate or proximate cause or provocation for the slanderous words of the defendant, the proof of them was inadmissible.—See 2 Stark. on Slander 95; 3 B. & C. 113; 6 Murph. R. 465; 7 Wendell's R. 560; 13 Pick. 503.

The court below ruled that it was sufficient if the plaintiff's declarations were communicated to the defendant *before* the speaking of the slanderous words by him. This was laying down the rule too broadly. We have shown the party must go farther to render the proof legal.

It is, however, contended that we must intend, in order to sustain the judgment, that the necessary preliminary proof was made connecting the mutual slanderous expressions, so as to make the one the immediate provocation of the other, the bill of exceptions not purporting to set out all the proof.

In reply to this we have only to say, that the court was put in error as to the condition upon which he would rule out the testimony, and if the facts of the case would have justified it, it was the duty of the judge to have shown in the bill of exceptions that the error was rectified or cured by the introduction of the necessary preliminary proof. The rule is, that when the court is shown to have committed an error, it must set itself right, and this court cannot intend, in the absence of a statement to that effect in the record, that the error was corrected or deprived of its injurious effects.

Let the judgment be reversed, and the cause remanded.