# Russell *v.* Russell.

### *Trover for Conversion of Cotton Seed.*

1. *Complaint; defects in, when cured by judgment.*—Whether or not a count in trover is demurrable, for a failure to lay the time of the conversion, the want of such averment is cured by judgment, without objection on that account in the court below.

2. *Tenants in common; when may maintain trover against another tenant; set-off to such action, when maintainable.*—If one tenant in common of a chattel converts it wholly to his own use, by a sale, his companion may maintain trover against him; and one tenant by agreement, express or implied, with the other, may be entitled to contribution for services rendered or expenditures made; and the share which the other tenant ought to contribute, would be recoverable in *assumpsit,* and would be matter of set-off in an action *ex contractu,* but not in defense of trover, which is in *tort.*

APPEAL from Barbour Circuit Court.

Tried before Hon. HENRY D. CLAYTON.

The appellee, Lucius A. Russell, sued the appellant, W. Frank Russell, before a justice of the peace, for the sum of ninety dollars, "as damages for the conversion by him, on

the......day of.........., of the following chattels: Four hundred and fifty bushels of cotton seed, and fifteen bushels of corn, the property of the plaintiff." Judgment having been rendered against the defendant, he appealed to the Circuit Court, when the complaint set out above was again filed. The cause was tried upon pleas of the general issue and set-off, and resulted in a verdict and judgment for the plaintiff. The plaintiff, as a witness for himself, testified " that about the first of the year he contracted with the defendant to farm with him on his (the defendant's) lands, known as the Davis place; that the defendant was to furnish the land, plow animals and feed for the same, and a certain lot of cotton seed, which he represented to be about four thousand bushels, for manure. Plaintiff was to furnish the laborers and feed them, and the crop was to be divided equally between them.

Plaintiff further testified, that under this contract he had made a crop amounting to about thirty bales of cotton, besides corn and other produce; that this cotton had been ginned on defendant's gin and the seed retained by him, and that he refused to deliver half of them to plaintiff. That the seed yielded in ginning a bale of cotton about thirty to thirty-three bushels, and that the cotton seed in controversy had been used by defendant, and had been worth since that time from ten to twenty cents a bushel; that the crop made by plaintiff had been equally divided between him and the defendant, except said seed, and their mutual accounts settled.

The defendant was then introduced as a witness and testified substantially as plaintiff did, as to the contract and the amount of the crop made, except he said that the quantity of seed to be used for manuring purposes was not mentioned in making the contract, and not until about a month after the contract was made, and after plaintiff had moved on the place.

The court, among other things, charged the jury, that " although there may have been no agreement by defendant, in the original contract, as to the quantity of manuring seed, if, without any request from plaintiff, he voluntarily furnished the three or four thousand bushels of seed for manuring purposes, and nothing was said about pay therefor, although plaintiff used said seed for the purpose of manuring the crop, no promise to pay for them could be implied therefrom so as to entitle the defendant to a set-off for their value. To this charge the defendant excepted, and now assigns the same for error.

[Russell v. Russell.]

JOHN A. & J. W. FOSTER, for appellant.—The complaint does not state any date when the conversion was alleged to have been made, and in the absence of such averment discloses no substantial cause of action, and therefore a plea to the merits will not cure such defect.—4 Stew. & Por. 397; 9 Por. 629; 2 Ala. 401; 8 Ala. 45. Nor will the verdict cure such defect, when it is of such a character, that the complaint does not disclose any substantial cause of action.—33 Ala. 206; 31 Ala. 529; 41 N. Y. 621; *Boyce v. Brown,* 7 Barbour; *Gray v. Palmer,* 2 Robertson.

The law implied a promise by the plaintiff to pay for the cotton seed he used, and the defendant may avail himself of this by plea of set-off. The evidence fails to show any partnership between the parties. This set-off is in the nature of a suit, and if one joint owner may maintain trover for his part of the crop, the other may maintain assumpsit for articles furnished or services rendered, whether the contract was express or implied.

J. M. WHITE, *contra.*— The complaint contains a substantial cause of action. The mere omission to allege the date of the conversion renders the complaint only defective. Such defects are cured by the pleadings and verdict.—13 Ala. 529; Minor, 118. Such defects can only be taken advantage of by demurrer, or by requesting a proper charge from the court. They can not be raised for the first time in this court.—Minor, 118; 42 Ala. 658. The contract established in this case creates a tenancy in common between the parties.—17 Ala. 362; 49 Ala. 254; 49 Ala. 253. Actions of assumpsit do not lie between tenants in common, except upon express contracts. The doctrine of implied contracts does not apply.—17 Ala. 733. The appellant can recover by way of set-off, for the cotton seed used on the joint farm, only upon an express contract on the part of appellee to pay for them.—17 Ala. 73. The charge excepted to is free from error, and if it were not it does not injure appellant, for the testimony of both shows that the seed were furnished in accordance with the contract. The only difference was as to the quantity of seed to be furnished.

BRICKELL, C. J.—The statement of the cause of action, which a plaintiff is required to file, on an appeal or *certiorari* from the judgment of a justice of the peace, when the sum claimed exceeds twenty dollars, is not subject to the technical rules of pleading. If it discloses in general terms a breach of a contract, or a wrong done, of which the justice has jurisdiction, it is sufficient.—*Hanks v. Hinson,* 4 Port. 509;

[Kirby v. The State.]

*Spence v. Boyd*, 2 Stew. 480; *Morrison v. Morrison*, 3 Stew. 444. The complaint or statement in this case would have been more formal if, following the form of complaint for trover in the Circuit Court, given by statute, it had averred the time of the conversion of the chattels. Whether the omission of such an averment would have been ground of demurrer, it is not necessary to inquire, as none was interposed. An averment of the precise time was not necessary. It was only necessary to state any day prior to the commencement of suit.—1 Chit. Pl. 252. The want of such an averment is cured by the judgment in the absence of all objection in the Circuit Court.—*Allen v. Dickson*, Minor, 118; *Walker v. Mobile Marine Ins. & Dock Co.* 31 Ala. 529.

The relation between the parties was that of tenants in common of the crops grown on the lands cultivated by them. *Thompson v. Mawhinney*, 17 Ala. 362; *Strather v. Butler*, Ib. 733; *Smyth v. Tankersley*, 20 Ala. 212. If one tenant in common of a chattel, by a sale, converts it wholly to his own use, his companion may maintain an action of trover against him.—*Parminter v. Kelly*, 18 Ala. 716; *Williams v. Nolen*, 34 Ala. 167. One of the co-tenants may, by an agreement express or implied, with his cotenant, be entitled to contribution for services rendered or expenditures made.—*Strother v. Butler*, *supra*. The share of the co-tenant, the amount he ought to contribute, would be recoverable in an action of assumpsit, and would be the matter of set-off in an action *ex contractu*. Trover is an action for a tort, and a set-off is not available in its defense.—*Pattison v. Richards*, 4 E. D. Smith, 162; *Moore v. Davis*, 11 Johns. 144; *Pattison v. Richards*, 22 Barb. 143. The charge of the court was not in any event prejudicial to the appellant.

Affirmed.