# Bolton *v.* Cuthbert, *et al.*

## Action of Detinue.

[Decided January 21, 1902.]

1  *Detinue; title to maintain; parties; joint owners.*—Where in an
    action of detinue by two persons as plaintiffs the evidence
    shows that a third person, not a party to the suit, was a joint
    owner with them of the property sued for, plaintiffs cannot
    recover; as, in order to recover, plaintiffs must have the en-
    tire interest in the property sued for. (Distinguishing *Rus-
    sell v. Russell*, 62 Ala. 48; *Smith v. Tankersly*, 20 Ala. 212;
    and *Perminter v. Kelly*, 18 Ala. 716.)

2.  *Same.*—The rule stated is not affected by the fact that such third
    person or joint owner has left the State or absconded.

3.  *Same; consent of joint owner that he be joined as plaintiff in
    detinue; indemnity.*—An action of detinue for the recovery

[Bolton v. Cuthbert, *et al.*]

of personal property owned by several jointly may be prosecuted by one in the name of all, without the consent of the other joint owners, upon indemnifying them against costs.

4. *Detinue; objection to parties plaintiff, how raised.*—The objection that parties plaintiff in a suit of detinue have not the entire interest in the property sued for, but are joint owners thereof with another, who is not a party to the suit, may be raised on the trial on plea of the general issue, and does not have to be pleaded in abatement.

5. *Bill of exceptions; effect of failure to recite that it contains all the evidence upon error in the admission or exclusion of evidence.*—The presumption, usually indulged in the consideration of charges, where the bill of exceptions does not recite that it contains all the evidence, that there was evidence to support the ruling, will not be extended to a case where evidence was improperly admitted or excluded.

APPEAL from Mobile Circuit Court.

Tried before Hon. WM. S. ANDERSON.

Action of detinue by Van. L. Cuthbert and Frank J. Parker against John S. Bolton. The opinion sufficiently states the facts upon which the opinion and decision are based.

THORNTON & INGE, for appellant, in support of the proposition that Vaughan was a necessary party plaintiff under the evidence, and that plaintiffs could not recover, cited 6 Ency. Pl. & Pr., 649; *Parsons v. Boyd,* 20 Ala. 117; *Hogan v. Bell,* 1 Stewart 536; *Miller v. Eastman,* 11 Ala. 609; *Price v. Talley,* 18 Ala. 21; *Venson v. Ardis,* 81 Ala. 271. (2.) It was unnecessary for plaintiffs to have Vaughan's consent to his being joined as a party with them.—15 Ency. Pl. & Pr., 545; *Cunningham v. Carpenter,* 10 Ala. 109; *Harris v. Wauson,* 62 Ala. 299.

GREGORY L. and H. T. SMITH, *contra,* argued that because of the failure of the bill of exceptions to set out all the evidence the court was bound to presume the existence of evidence to justify the rulings of the trial court, citing *Torrey v. Burney,* 113 Ala. 496; *Postal Tel. Co. v. Hulsey,* 115 Ala. 193; *Town of Brewton v. Glass,* 116 Ala. 634; 1 Brick. Dig., 337, § 30; 3 Brick.

Dig., 110, § 54. (2.)   The failure of Vaughan to join in the suit should have been pleaded in abatement.—6 Ency. Pl. & Pr., 649, 656.   (3.)   It was not necessary to join him as a party where he had absconded.—11 Ency. Pl. & Pr., 773.

TYSON, J.—Action of detinue.   There are two parties plaintiff, both of whom testified as to the manner of their acquisition of title to the mules in controversy. Their evidence showed affirmatively and without dispute that one Vaughan was a joint owner with them of the property and that they had never acquired his interest.   "It is well settled in this State, that to entitle the plaintiffs to recover in the action of detinue, they must have the entire interest in the thing sued for; they must have the absolute property with the right to the immedite possession or a special property, as in the case of a bailee."—*Price v. Talley's Admrs.*, 18 Ala. 21; *Thompson v. Silvey & Co.*, 123 Ala. 694; *Vinson v. Ardis*, 81 Ala. 271.   The burden is on the plaintiff to show an exclusive legal title to the chattel sued for; "and should it appear that he was not a tenant in common or a joint tenant with another, and that the legal title was in both, then both must join in detinue, for one alone cannot under such circumstances, sustain the suit."—*Parsons v. Boyd*, 20 Ala. 112.   The cases of *Russell v. Russell*, 62 Ala. 48, *Smith v. Tankersly*, 20 Ala. 212, and *Perminter v. Kelly*, 18 Ala. 716, cited by appellee's counsel, as opposed to this principle, were actions of trover.   Under the authority of those cases, an action by one tenant in common against his cotenant, can only be maintained where there is a conversion, wholly to his own use by the tenant sued, by a sale of the chattel.   Clearly there is no conflict between the two lines of cases.

It is contended that the defendant cannot avail himself of the non-joinder of Vaughan as party plaintiff under the plea of the general issue; that he should have filed a plea in abatement.   The ownership by plaintiffs of the entire interest in the mules is of the very essence of their right to maintain the action and as the general issue denied their title and right to the immediate pos-

session of them, there was no necessity for a plea in abatement. It is of no consequence that Vaughan had left the State or declined to allow the use of his name as party plaintiff. The plaintiffs had the right to prosecute the action in the name of all jointly interested in the property sought to be recovered, whether Vaughn was willing or not, upon indemnifying him against costs.—*Harris v. Swanson & Bro.,* 62 Ala. 299. Having this right, it was their duty to join him and they must suffer the consequences of their neglect.

It may be said that as the bill of exceptions does not purport to set out all of the evidence, the overruling by the court of the motion of defendant to exclude all of plaintiffs' evidence on the ground that it showed without conflict that at the time of the institution of this suit, the title to the property sued for was in some one else besides the plaintiffs, will be sustained upon the presumption, usually indulged, that there was evidence to support this ruling. While this court has gone very far in indulging this presumption to sustain the judgment below, where charges are involved, it has never extended it to a case where evidence was improperly admitted or excluded.—*Torrey v. Burney,* 113 Ala. 496; *Postal Tel. Co. v. Hulsey,* 115 Ala. 193; *DeLoach v. Robbins,* 102 Ala. 288; *McDonald v. Wood,* 118 Ala. 589. In reply to this, it may be contended that the motion to exclude was addressed to the sufficiency of the evidence rather than to its materiality and relevancy and, therefore, the ruling is saved by the presumption. While it is true, the motion does in a sense question its sufficiency to support the judgment, yet the direct office to be performed by it is to have the evidence excluded from the consideration of the jury because of its immateriality and irrelevancy. For, if it was insufficient to support the plaintiffs' cause of action, it was clearly immaterial and irrelevant and the defendant was entitled to have it excluded. But aside from this, the presumption could not well be indulged in the face of the sworn admissions of the plaintiffs. Again, at the time the motion was made the record shows affirmatively that this was the state of the case as made by the testimony introduced by plaintiffs. This being true, the overruling of the

[Alabama Midland Railway Company v. Horn.]

motion was error which is shown by the record. Error being shown, the presumption of injury must be indulged, unless the record affirmatively rebut this presumption.—2 Ency. Pl. & Pr., 552. In *Moore v. Clay*, 24 Ala. 235, certain testimony was admitted by the trial court, against the objection of the plaintiff, on condition that it would be ruled out, unless the defendant offered certain other evidence. It was urged as the bill of exceptions did not purport to set out all the evidence, the presumption must be indulged that the condition upon which the court admitted the objectionable testimony had been complied with. In reply to this contention, the court said: "The court was put in error as to the condition upon which he would rule out the testimony, and if the facts of the case would have justified it, it was the duty of the judge to have shown in the bill of exceptions that the error was rectified or cured by the introduction of the necessary preliminary proof. The rule is, that when the court is shown to have committed error, it must set itself right, and this court could not intend, in the absence of a statement to that effect in the record, that the error was corrected or deprived of its injurious effects."

As we cannot know that plaintiffs will amend their complaint by making Vaughan a party plaintiff, it is unnecessary to consider any other assignment of error.

Reversed and remanded.