# Central of Georgia Ry. Co. *v.* Thweatt.

## *Action for Damages to Stock.*

(Decided June 13, 1907.  44 South. 38.)

1. *Trial; Instruction; Applicability to Evidence.*—Where the engineer testified that he saw the mule as soon as it could have been seen by anyone on the engine; that the train was properly equipped and managed and was running at the rate of about forty miles per hour; and when he first saw the mule he shut off steam and closed the throttle, but had no time to do anything else before the mule was struck; and that he did everything in his power to avoid an accident, a charge that it was insufficient for the engineer to "simply guess" that he could not do anything to avoid striking the animal on the track, was inapplicable to the evidence, and its tendencies were to mislead the jury to believe that it was their duty to consider the evidence of the engineer as merely a guess that he could not have avoided the accident.

2. *Appeal; Record; Instructions; Presumption.*—Where the entire charge of the court is not set out in the record, this court cannot presume that the error committed in the portion set out was cured by other portions not set out or by the written charges given for defendant.

APPEAL from Barbour Circuit Court.

Heard before Hon. A. A. EVANS.

Action by Amos Thweatt against the Central of Georgia Railway for damages for killing a mule.  From a judgment for plaintiff, defendant appeals.  Reversed and remanded.

G. L. COMER, for appellant.—The oral charge of the court was erroneous as there was no evidence in the case that the engineer in charge of the train did any guessing. Charge 2 should have been given for appellant.—*Central of Ga. Ry. Co. v. Starke,* 126 Ala. 365.  On this same authority and on the authority of the *Central of Ga. Ry. Co. v. Turner,* in MS., charge 3 should have been given. The court erred in refusing charge 6.—*Western Ry. of Ala. v. McPherson,* 146 Ala. 427.

[Central of Georgia Ry. Co. v. Thweatt.]

PEACH & THOMAS, for appellee.—Charges are to be construed with reference to each other and the evidence. —2 Mayf. Dig. 560. The portion excepted to when taken in connection with the other portion shows that no error was committed. It is well settled that every pre-sumption is indulged in favor of the ruling of the trial court until the contrary affirmatively appears.—*Deca-tur C. W. & Mfg. Co. v. Mehaffey*, 128 Ala. 243; 2 Ency. P. & P. 479; 2 Mayf. Dig. 561. The court properly refused charge 2.—*Southern Ry. Co. v. Reeves*, 129 Ala. 461; *Central of Ga. Ry. Co. v. Turner*, 40 South. 355.

DENSON, J.—On the question of negligence vel non the evidence for the plaintiff presented a case for consideration and determination by the jury, while that for the defendant tended to show an unavoidable accident.

In the general charge the court, among other things, said to the jury: "I charge you, gentlemen of the jury, that an engineer of a train, when he sees an object like a mule on a track or in close proximity thereto, cannot guess that it is impossible for him to do anything to prevent striking the object; but the law requires him, on perceiving an obstruction on the track, to use all the means in his power known to skillful engineers, such as applying brakes and reversing engine, in order to stop the train. The engineer cannot just simply guess that he cannot do anything." The bill of exceptions purports to set out all the evidence, and we have been unable to find in the record any evidence which tends to show that the engineer "simply guessed" that it was impossible for him to do anything to prevent striking the mule. On the contrary, the evidence given by the engineer shows that he was keeping a steady lookout along the track in the direction the engine was running; that he discovered the mule as soon as it could have

been seen by any one on the engine; that the train was properly equipped and managed, and was running at the rate of 40 miles an hour; that when he first saw the mule he shut off steam and closed the throttle, but did not have time to do anything else before the mule was struck; that after his seeing the mule the train did not have time to slow up, and did not slow up; that he did everything in his power to avoid the accident, but that it was impossible to prevent it.

The charge excepted to, considered with reference to the evidence, is abstract and misleading, if not inherently bad; and, more than that, we cannot escape the conclusion that it must have impressed the minds of the jurors with the idea that it was their duty to look upon the evidence of the engineer as amounting, on his part, to no more than mere guessing. One meaning of the word "guess" (and we believe it is the meaning accorded it in common parlance). is "to judge at random."—Webster's Dictionary. So the judge, when he said in his charge, "The engineer cannot just simply guess that he cannot do anything," in effect said to the jury that the engineer's evidence only showed he was guessing, or at least that it tended to show he was guessing—judging at random. If it should be conceded that the evidence warranted the inference that the engineer was guessing, still it was without the province of the court to so charge the jury; and in giving the charge the court invaded the province of the jury.

But the appelle's counsel argue that, assuming the oral part of the charge presented for review is incorrect, the court should not on this account reverse the cause, for the reason that, when construed in connection with the entire oral charge and with the written charges given, it may be free from error. We cannot determine this proposition, so far as the oral charge is concerned,

for the reason that the oral charge in its entirety is not before us. Only that part excepted to is set out in the bill of exceptions. If the oral charge were fully set out in the bill of exceptions, we would regard—and it would be our duty to regard—the charge in its entirety, in construing the part excepted to. But it is only incumbent on the appellant to show error; and if there is anything in the case which would show that the error was harmless and the appellant left it out of the bill of exceptions, the presiding judge could have required the matter embodied in the bill before signing it, and probably he should have done so.—*Bolton v. Cuthbert, et al.,* 132 Ala. 403, 31 South. 358, 90 Am. St. Rep. 914.

It is the law that, if error is committed in the oral charge, it may be cured by the giving of written charges in favor of the party against whom the error was committed. The court gave a number of written charges at defendant's request, and refused several. Upon examination we have found, and are able to announce, that each of the refused charges, except refused charge numbered 4 and the general affirmative charge, is duplicated by one or more of the given charges. Charge 4 is mere argument, and the general affirmative charge is not assigned as error.

For the error in giving the oral charge excepted to, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and DOWDELL, JJ., concur.