(81 South. 582)

JAMES v. ALABAMA GREAT SOUTHERN R. CO. et al. (6 Div. 883.)

(Supreme Court of Alabama. April 24, 1919.)

1. PLEADING ⏤193(6)—JOINDER OF CAUSES —DEMURRER—SEPARATE LIABILITY.

Where two carriers are sued jointly in action on the case for failure to deliver shipment of household goods, counts based on separate liability of one or the other carrier are demurrable.

2. CARRIERS ⏤91—NONDELIVERY OF GOODS SHIPPED—LIABILITY.

Where shipper marked his goods as destined for "Jones," when he intended them for "Johns," carrier would not be liable for failure to deliver at the latter station.

3. PLEADING ⏤11—MATTERS OF EVIDENCE— MISDELIVERY OF SHIPMENT.

Where carrier, as defense to nondelivery, pleaded that shipment was marked "Jones" instead of "Johns," as alleged by shipper, plea need not negative fact that freight money to the latter station was paid, a mere evidential fact not pleaded in the complaint.

4. CARRIERS ⏤188—CHARGES—SHIPMENT OF GOODS MISDIRECTED.

If shipper misdirected his shipment, he is liable for charges of the roads necessary to reship to correct destination.

5. CARRIERS ⏤94(5) — NONDELIVERY OF GOODS — INCORRECT MARKING — QUESTION FOR JURY.

In action against carrier for nondelivery of goods, evidence having tendency to show that incorrect destination was defendant's fault, or that agent knew of destination intended, held sufficient to take case to jury.

**6. CARRIERS ☞89 — DELIVERY OF GOODS SHIPPED—NOTICE TO CONSIGNEE.**

When a railroad company receives goods for transportation, safely carries them to their destination, informs the consignee of their arrival, and affords him reasonable opportunity to remove, its obligations as a common carrier are at an end.

**7. CARRIERS ☞174 — MISDELIVERY — RECOVERY FROM CONNECTING CARRIER.**

Where initial carrier under through bill of lading to Johns, a station on the L. road, all charges paid, delivers goods to the S. road for delivery at Jones, and S. road under new bill of lading delivers to L. road for shipment to Johns, goods could be recovered from L. road in trover or detinue.

**8. CARRIERS ☞183 — NONDELIVERY — CONNECTING CARRIERS — JOINT CAUSE OF ACTION.**

An initial carrier liable to shipper for misdelivery and connecting carrier liable to shipper in trover or detinue for the goods could not be sued jointly in an action on the case.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Milton James against the Alabama Great Southern Railroad Company and the Louisville & Nashville Railroad Company. From a judgment for the Alabama Great Southern, and an order setting aside verdict in favor of plaintiff against the Louisville & Nashville, plaintiff appealed to Court of Appeals. Cause transferred to Supreme Court under section 6, Acts 1911, p. 449. Judgment affirmed as to second-named defendant, and reversed and remanded as to first-named defendant.

Pinkney Scott, of Bessemer, for appellant.

Tillman, Bradley & Morrow, of Birmingham, Huey & Welch, of Bessemer, A. G. & E. D. Smith, of Birmingham, and Ben G. Perry, of Bessemer, for appellees.

SAYRE, J. Appellant sued the Alabama Great Southern Railroad Company and the Louisville & Nashville Railroad Company jointly in an action on the case, alleging that defendants had failed to deliver household goods which he had shipped from Cuba, a station on the first, to Johns, a station on the last, named railroad. Counts in trover and in detinue were joined. The court gave the general charge in favor of the Alabama Great Southern. There was a verdict for plaintiff against the Louisville & Nashville, but on motion this was set aside.

[1] We assume that demurrers to counts 5 and 6 were sustained on the ground that, while the two defendants, were sued in an action on the case jointly, the facts alleged in these two counts showed that defendants were not joint tort-feasors, but that one or the other of the defendants was alone liable. These rulings were correct.

[2, 3] Pleas 2 and 3 were not subject to the demurrers filed against them. They assert the proposition, in effect, that plaintiff's (appellant's) goods went astray for the reason that plaintiff, intending that his goods should be shipped to Johns, marked them for shipment to Jones, a station on the Southern Railroad. These were good pleas. 6 Cyc. p. 380, note 31. It was not necessary, as the argument for appellant suggests, that these pleas should negative the fact that appellant had paid the freight money in the amount necessary for the carriage of the goods to Johns—an amount different from that necessary to take the goods to Jones. This fact had not been alleged in the complaint. It was a mere evidential fact, and while, if proved, it may have been accepted as tending to establish appellant's contention, it was by no means conclusive to that effect.

[4] Appellant's special replications 2 and 3 took no account of the matter alleged in pleas 2 and 3. It is very clear that, if appellant did misdirect his goods and in consequence they went astray, the Southern and the Louisville & Nashville Railroads were entitled to compensation for hauling them from Jones to Johns.

[5] We are not of the opinion that appellee was entitled to the general charge upon the whole case. It is true that the Alabama Great Southern could not be held liable under the trover or detinue counts; it is also true that the evidence furnished no means of ascertaining the damage alleged to have been done to the property while in transit; but there were counts for a failure to deliver. There was also testimony tending to show that the misdirection of the goods at Cuba, the point of shipment, was not the fault of appellant, or, even so, that appellee's agents in charge of its business at that place knew the destination intended by appellant and issued a bill of lading accordingly. If the facts were found in agreement with this tendency of the evidence, it was then appellee's duty to deliver the goods at Johns; and if, as appellant's testimony further tended to show, appellee collected in advance the full freight charge for transporting the goods to Johns, then it was the duty of appellee or its connecting carrier to deliver the goods at Johns without further charge.

[6] The rule is that when a railroad company receives goods for transportation, safely carries them to their destination, informs the consignee of their arrival, and affords him reasonable opportunity to remove them, its duty and obligation as a common carrier are at an end. Collins v. A. G. S. R. R. Co., 104 Ala. 390, 16 South. 140. If appellant was not at fault in the matter of directing the goods, and if the goods were billed to Johns, as ap-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pellant contended, then the duty of the defendant Alabama Great Southern Railroad Company, under its bill of lading, was to deliver the goods to the Louisville & Nashville Company for further transportation to Johns on the latter's line. But the initial carrier delivered the goods to the Southern Railroad for transportation to Jones. If therefore the contention of appellant were accepted by the jury, he was entitled to recover on the first or second counts of the complaint. ·

[7, 8] When the mistake in carrying the goods to Jones was discovered, the Southern Railroad Company, on a new bill of lading, sent them to Birmingham for delivery to the Louisville & Nashville Company to be carried thence to Johns; freight money from Jones to Johns to be collected at the latter point. If the facts were found in accordance with the contention of appellant, the defendant Louisville & Nashville Railroad Company was answerable to appellant in trover (6 Cyc. 474) or in detinue; this for the reason that, on this hypothesis of facts, no one had a right to haul plaintiff's goods about the country at his expense. However, we do not see that in any event there could be a joint recovery against the two defendants.

We are unable to say there was error in the action of the court in setting aside the verdict against the Louisville & Nashville Company. The trial court, after hearing the witnesses, may have been clear to the conclusion that the contention of the defendants in respect of what occurred at Cuba should have prevailed.

Reversed and remanded, costs of appeal to be taxed against Alabama Great Southern Railroad Company.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.