(93 South. 701)

**LOUISVILLE & N. R. CO. v. JAMES.**

**(6 Div. 625.)**

(Supreme Court of Alabama. May 18, 1922. Rehearing Denied June 1, 1922.)

1. **Appeal and error** ⊂⊃ 1039(12)—**Rulings on special pleas harmless where matter available under general issue.**

Rulings on special pleas were without injury to defendant, where all matters of evidence, as developed on the trial, pertinent or material to the defense, were admissible under the general issue.

2. **Carriers** ⊂⊃ 188—**Shipper, not guilty of negligence in causing goods to be miscarried, responsible only for charges provided for in bill of lading.**

Where neither a shipper nor his authorized agent were guilty of negligence in causing goods to be miscarried, he would only be responsible for freight charges provided for in the bill of lading issued to him at the time goods were delivered to the carrier.

3. **Carriers** ⊂⊃ 193—**In detinue against a connecting carrier for goods miscarried, instruction as to payment of charges before delivery of goods to plaintiff held properly refused.**

In detinue against a connecting carrier for goods sent to a wrong destination, on its line, an instruction that defendant had no right to deliver the goods to the shipper until the freight charges on a new bill of lading from the place where the goods were found to the proper destination had been paid, or the initial carrier authorized delivery to plaintiff without payment of such charges, was properly refused.

4. **Detinue** ⊂⊃ 5—**General rule is plaintiff must have entire interest in property sued for.**

The general rule is that, to entitle a plaintiff to recover in detinue, he must have the entire interest in the property sued for.

5. **Carriers** ⊂⊃ 70 — **Rule as to recovery of goods by bailor without proving right of property held to apply as between shipper and carrier.**

Where a shipper suing a carrier in detinue for miscarried goods was in possession of the goods and alone lays claim to them, and shipped them consigned to himself, the relation of bailor and bailee exists between them, and the rule that the depositary is bound to redeliver or restore chattels bailed to bailor, and that bailor may recover them of his bailee without proving his right of property in them, applies.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Evidence ⬦⇒474(19)—Witness familiar with value of property detained properly allowed to testify.**

In detinue 'for household goods retained by carrier, a witness familiar with the different items was properly allowed to testify as to their valuation and also concerning the rental value.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action of detinue by Milton James against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

See. also, 204 Ala. 604, 86 South. 906.

Tillman, Bradley & Baldwin, of Birmingham, and Huey & Welch, of Bessemer, for appellant.

The court' erred in refusing defendant's motion to exclude the evidence in the case. 132 Ala. 403, 31 South. 358, 90 Am. St. Rep. 914. It was error to sustain objections to the following questions propounded by defendant to the witness Young: "I will ask you Mr. Young, if it is not the duty of the shipper to mark his goods." "Whose duty is it to mark a shipment of goods?" "Whose duty is it to mark goods on being submitted for shipment, Mr. Young?" The remark of plaintiff's counsel in argument to the jury, "They could have brought a house full of witnesses here," was improper, and should have been excluded. The undisputed evidence showed that plaintiff was not the sole owner .of the property in suit, and defendant was entitled to the general affirmative charge. 132 Ala. 403, 31 South. 358, 90 Am. St. Rep. 914;• 18 Ala. 21; 81 Ala. 271, 2 South. 879; 123 Ala. 694, 26 South. 644. A delivering carrier is required by law to carry out the instructions of the initial carrier; it cannot, therefore be held liable for obeying such instructions. Moore on Carriers, 469; 87 Fed. 73, 30 C. C. A. 541; 153 Wis. 193, 140 N. W. 1125; 201 Ala. 667, 79 South. 139; 13 Ala. App. 488, 69 South. 967; 91 Ala. 213, 8 South. 684; 69 Fed. 59, 16 C. C. A. 125; 10 C. J. 455; 6 A. & E. Encyc. Law, 627. It was the duty of the plaintiff to minimize his damages. 16 Ala. App. 614, 80 South. 688; 17 Ala. App. 134, 82 South. 582; 161 Ala. 278, 49 South. 851; 3 Ala. App. 313, 57 South. 494; 7 Ala. App. 462, 61 South. 22.

Pinkney Scott, of Bessemer, for appellee.

All questions have been decided on former appeals. 202 Ala. 620, 81 South. 562; 202 Ala. 622, 81 South. 564; 204 Ala. 604, 86 South. 906; 88 South. 925.

GARDNER, J. Appellee carried his household goods· to the freight depot at Cuba for the purpose of having them shipped to Johns, Ala., the station of Cuba being on the Alabama Great Southern Railroad, and the goods were to be transferred to the Louisville & Nashville Railroad to reach the point of destination. They were carried to Jones, Ala., a station on a line of the Southern Railway. The goods failing to arrive at Johns, inquiry was` instituted by the appellee, and they were located and forwarded from Jones on the Southern Railway to Johns on the Louisville & Nashville. The agent at Johns declined to deliver the goods to the shipper, appellee here, unless the freight charges from Jones to Johns, amounting to something over $5, were paid. This the shipper declined to do for the reason that he had prepaid the freight from Cuba to Johns at the time of his shipment from Cuba, and insisted that the miscarriage of the goods was no fault of his, and that he was under no obligation to pay for the additional freight charges. Appellee then brought suit against the Alabama Great Southern Railroad Company and the Louisville & Nashville Railroad Company, joining several counts, and much litigation has resulted from the controversy above stated.

This is the third appeal in this cause. James v. A. G. S. R. Co. et al., 202 Ala. 640, 81 South. 582; L. & N. R. R. Co. v. James, 204 Ala. 604, 86 South. 906. Upon the last trial all.counts were eliminated by the plaintiff except the count in detinue, and the plaintiff recovered 'a judgment against appellant, Louisville & Nashville Railroad Company, for the goods, or their value, and also a sum as damages for the detention thereof. From this judgment the defendant has prosecuted an appeal.

The law governing the case has been very clearly stated upon the two former appeals, and only the simple question of fact was presented. The elimination of all except the detinue count (count 3) and the suit proceeding alone against the Louisville & Nashville Railroad Company for the recovery of the goods put out of the case many questions presented, but the demurrers filed to the complaint as originally framed were refiled and argued. Upon the last appeal this court treated the assignment of error relating to the demurrer to count 3, which is again insisted upon on this appeal. We are of the opinion that what was said on former appeal as to this assignment suffices for an answer to the argument now presented, and we rest content with our former treatment thereof. Much of the argument upon this appeal is devoted to the sufficiency of certain pleas, demurrers to which were sustained.

[1] As held by this court on the last appeal in this cause (L. & N. R. Co. v. James, 204 Ala. 604, 86 South. 906):

"All matters of evidence developed on the trial, pertinent or material to the defendant's defense, were admissible under the general issue, * * * and the ruling of the court on

the special pleas, if error, was error without injury."

It was the insistence of defendant that the miscarriage of the goods to Jones, Ala., was the fault of the plaintiff, or some one acting under his authority, in that shipping directions were given to the railroad agent, and the goods were marked by the plaintiff as destined for Jones, Ala., and, this being plaintiff's mistake, he was not entitled to recover without the payment of the additional freight charges from Jones to Johns. On the other hand, plaintiff's evidence tended to show that he distinctly informed the agent at Cuba that the destination of the goods was Johns, and that a bill of lading was accordingly issued; that he did not mark the goods nor request any one in the employ of the railroad to mark the goods; that what marking was done was by the agent or those under him of their own accord; that the freight charges from Cuba to Johns were paid is without dispute.

Upon the first appeal upon this question the court said:

"If the facts were found in agreement with this tendency of the evidence, it was then appellee's duty to deliver the goods at Johns; and if, as appellant's testimony further tended to show, appellee collected in advance the full freight charge for transporting the goods to Johns, then it was the duty of appellee or its connecting carrier to deliver the goods at Johns without further charge."

It was further held that under these facts the Louisville & Nashville Railroad Company would be answerable to the plaintiff either in trover or in detinue. Nor did it militate against the right of plaintiff to recover if the plaintiff's agent discovered the goods at Jones, and had them shipped to Johns, the original place of destination, although they were shipped on a new bill of lading. This was expressly determined upon the first appeal, and was rested upon the very sound reasoning that—

"On this hypothesis of facts, no one had a right to haul plaintiff's goods about the country at his expense."

When the plaintiff rested his case, the defendant moved to exclude all of the evidence upon the ground that a prima facie case had not been made out. This practice has been so often condemned as to need no discussion; and we might also add that very clearly the plaintiff had made out a prima facie case.

[2] Objection was reserved to a portion of the oral charge which constitutes the thirtieth assignment of error. The substance of this portion of the charge was simply to the effect that, if the plaintiff or his authorized agent was guilty of no negligence causing the goods to be miscarried, then he would only be responsible for the freight charges provided for in the bill of lading which was issued to him at the time he delivered the goods to the carrier at Cuba. The insistence is that this portion of the charge is erroneous for the reason that it omits any reference to the plaintiff's agent in finding the goods and having them shipped from Jones to Johns. The charge of the court, however, was in accord with the holding of this court on former appeal, and therefore was free from error. That the affirmative charge was properly refused needs no discussion.

[3] Numerous charges were requested and refused, which were to the effect that the defendant had no right to deliver the goods to the plaintiff until the freight charges on the new bill of lading from Jones to Johns had been paid or the Southern Railway had authorized them to so deliver to the plaintiff without the payment of these charges.

If, however, the plaintiff's evidence be believed and he was entirely free from fault in the miscarriage of the goods, as previously stated, his right of recovery would not depend upon the payment of any additional freight charges; this being a matter for the carriers to adjust between themselves. We do not find in this case any room for the application of the doctrine of duty on the part of the plaintiff to minimize his damages by payment of the freight charges, and charges requested so stating were properly refused. Birmingham Waterworks Co. v. Watley, 192 Ala. 520, 68 South. 330.

[4] Numerous charges were asked by the defendant to the effect that, if the jury believe the property involved was at the time of the commencement of this suit the joint property of the plaintiff and his mother, then the plaintiff could not recover. These charges were based upon a statement of witness Johnson for the plaintiff, upon his cross-examination (overlooked by the court upon first consideration of this cause), in substance that the mother of plaintiff had an interest with him in the property sued for. Counsel for appellant, in support of this insistence, cite several authorities to the effect that to entitle a plaintiff to recover in detinue he must have the entire interest in the property sued for, as follows: Price v. Talley, 18 Ala. 21; Parsons v. Boyd, 20 Ala. 117; Bolton v. Cuthbert, 132 Ala. 403, 31 South. 358, 90 Am. St. Rep. 914; Thomason v. Silvey, 123 Ala. 694, 26 South. 644. This is unquestionably the general rule. 18 Corpus Juris, 996; Williams v. Lay, 184 Ala. 54, 63 South. 466.

[5] However, a different principle controls the instant case. Plaintiff, who was in possession of the goods, and who alone lays claim thereto, shipped them, consigned to himself, he being both consignor and consignee, and there existed between plaintiff and defendant the relation of bailor and bailee. The rule applicable under these circumstances is found stated in a quotation from Moore on Carriers, set out in A. C. L.

R. Co. v. Dahlberg, 170 Ala. 617, 54 South. 168, as follows:

"The rule is that the depositary is bound to redeliver or restore the chattels bailed to the bailor, and the bailor may recover the goods of his bailee without proving his right of property in them."

See, also, Morningstar v. Stratton, 121 Ala. 437, 25 South. 573. To like effect, see 18 Corpus Juris, 1005, and authorities there cited.

There was therefore no error in this action of the court.

[6] The brother-in-law of the plaintiff testified as to his familiarity with the different items of household goods shipped by the plaintiff, and involved in this suit, and was properly allowed to testify as to their valuation. He also testified concerning the rental value of these goods so as to establish a basis for damages for the detention thereof. The jury were explicitly instructed, in accordance with the previous ruling of this court in this particular case, that the plaintiff could recover no remuneration for inconvenience and annoyance. The defendant does not appear to have seriously controverted the evidence of plaintiff either as to the valuation of the goods or the value of the use and hire thereof, but it is strenuously insisted upon this appeal that the motion for new trial should have been granted upon the ground that the amount allowed was excessive. Under the record as here presented we are unwilling to disturb the action of the court below in denying this motion.

The disputed issue was upon the question of who in fact marked the goods or whether the misdirection was caused by plaintiff, and not upon the question of duty, as the questions directed to witness Young indicated. Upon the ruling as to this evidence we find no reversible error.

Exception was reserved to the ruling of the court upon objection to argument of counsel. Several witnesses were examined by defendant, and there was sharp conflict upon the issue of fact hereinbefore stated, and we do not think, in view of plaintiff's theory of the case, that the statement objected to went beyond the pale of legitimate argument under the circumstances.

Some few remaining questions are presented as to exceptions to evidence. The court is of the opinion that these are questions of such minor importance as to call for no separate treatment here. Suffice it to say that they have been considered by the court in consultation, and we find nothing in them which would justify a reversal.

Finding no reversible error in the record, the judgment will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.